June Term,
1862.

CAMERON
v.
SULLIVAN.

---

## CAMERON VS. SULLIVAN.

Trial before a jury, and judgment entered February 22, 1859; appeal taken February 22, 1861; the bill of exceptions settled and signed March 28, 1861. On motion, the bill of exceptions was stricken out of the record as not settled in time.

Chap. 132, R. S. 1858, and the rules of court, contemplated two classes of cases—those tried by a court and jury, and those tried by the court or a referee. In the former, the exception would of course be taken at the trial, and there is no reason for requiring *notice* of entry of judgment in order to limit the time for settling the bill of exceptions. In the latter, there is an obvious propriety in giving such notice, and the rules allow a certain time after the notice, to prepare and serve a copy of the bill of exceptions.

APPEAL from the Circuit Court for *Jefferson* County.
Motion to strike the bill of exceptions out of the record.
*J. E. Holmes*, for the motion.
*Harlow Pease, contra.*

September 1.

*By the Court*, COLE, J. The motion to strike out the bill of exceptions in this case must prevail. It appears that the cause was tried before a jury, and judgment entered on the 22d day of February, 1859. An appeal was taken on the 22d day of February, 1861. The bill of exceptions was signed and settled on the 28th day of March, 1861. The objection is that the bill was not settled in time, according to the rules and practice of the court.

We know of no statute or rule of court which authorizes the signing and settling of a bill of exceptions after such a

lapse of time. It is claimed that there was no notice of judgment, and that by the rules of court and statute, a party has ten days after the service of such a notice to prepare and serve a copy of the bill of exceptions. Rules 12, 13 and 21 of the circuit court, and sections 16 and 20, chap. 132 R. S., are relied on in support of this position. We consider this position untenable; but since the passage of chapter 264, Laws of 1860, which modifies those rules and regulates the practice of settling and signing bills of exceptions, it is not worth the while to enter upon any discussion as to the meaning of them or the proper construction to be given the statute. We will therefore barely make a remark upon the point made. The statute and rules evidently contemplate and provide for two classes of cases—one tried by a court and jury; the other where the cause is tried by the court or referee. In the former case, the exception would of course be taken on the trial of the cause, and we can see no reason or object in requiring notice of entry of judgment in order to limit the time for settling the bill of exceptions. The party, having taken his exceptions on the trial, could proceed and perfect his bill. But when the case is tried by the court or referee, there is an obvious propriety in requiring the notice of judgment to be given. Otherwise the party would be compelled to keep a vigilant watch of the records of the court for the decision. He might wish to file exceptions to the finding of facts or conclusions of law, but might lose the opportunity unless he had notice of the judgment. Hence in this case the rule gave him a certain time after the notice to prepare and serve a copy of the bill of exceptions.

The motion is therefore granted.