VROMAN VS. DEWEY.—Second Case.

*Bill of exceptions, amendment of: Practice in the Supreme Court.—Time to appeal.*

1. Bill of exceptions stricken from the files because appearing on its face to have been settled before serving notice of settlement.
2. If the date of settlement written in the bill is erroneous, appellant should obtain leave to withdraw the *record*, in order that the bill, when duly amended by the proper judge, may be attached to the record, and returned with it by the clerk.
3. Appellant does not need further leave to withdraw the *bill* for amendment; after the order to strike from the files, it is under his control.
4. Leave to reinstate the bill without amendment denied, as useless.
5. Whether the trial be by a jury or by the court alone, a bill of exceptions may be served at any time within sixty days after written notice of the judgment; provided, that the appeal must be taken within two years from judgment.

APPEAL from the Circuit Court for *Waukesha* County.
*Small & Westover*, for appellant.
*E. Hurlbut*, for respondent.

COLE, J.   A motion is made to vacate the order heretofore made, striking the bill of exceptions from the record in this case, and that said bill be reinstated upon the files and record; or that the appellant be allowed to withdraw the bill from the record for the purpose of having the same amended by the judge who signed the same, by inserting the true date when it was settled.   The bill of exceptions bears date the 16th day of December, 1865, but we are satisfied, from the affidavits accompanying the motion, that it was actually signed and settled on the 16th day of January, 1866.   The action was tried before a jury, and judgment rendered therein September 30th, 1864.   The bill of exceptions was served for the purpose of being settled, Decem-

ber 11th, 1865. Notice that the bill would be settled on the 26th of December was served upon the attorney of the respondent on the 22d of that month. And as the bill purported to have been settled and signed on the 16th of December, it was stricken from the files on account of the irregularity in settling the same.

We cannot, however, see that it will be of any advantage to the appellant to vacate the order striking it from the files. That order will offer no obstacle to the bill being hereafter considered, if it shall be amended and properly made a part of the judgment roll. It has already been stricken from the files, and is now entirely under the control of the appellant, who can get the date corrected if he desires to. But it would be idle to reinstate the bill of exceptions among the files before the mistake is corrected. It appears to us that the proper course for the appellant to pursue would be to withdraw the record; have the mistake in the bill corrected by the judge who signed the same; and then have it annexed to and made a part of the record by the clerk of the circuit court, and returned to this court. And had the motion asked leave to withdraw the record for that purpose, it would have been granted. But no such relief is prayed for in the motion. Since the bill, therefore, ought not to be reinstated in its present condition, and is now within the control of the appellant, the relief asked in each branch of the motion is denied.

It is, however, claimed that the bill of exceptions was rightly stricken from the files in the first instance, because it appears that it was not served for the purpose of being settled until December 11, 1865, more than fourteen months after judgment was entered. It is said that the bill should have been served within sixty days after the entry of judgment, in order to be regular. This is a misapprehension of the statute. Sec. 12, chap. 264, Laws of 1860, provides

that either party to a judgment, rendered after a trial, either by the court or jury, of any issue or issues of facts, who may desire to have reviewed in the supreme court any of the rulings of the circuit court made upon the trial of such issue or issues, may procure to be settled and made a part of the record, a bill of exceptions in the manner provided in the act. And it further declares that "*within sixty days after the service of written notice of the entry of the judgment*, the party desiring to appeal shall serve upon the adverse party a copy of the bill of exceptions, which shall contain the testimony given on such trial, or so much thereof as may be necessary to show the exceptions taken, and the rulings and decisions of the judge to which exceptions were taken, with a statement of such exceptions." It will be seen from this provision, that the party desiring to appeal has "sixty days after service of written notice of the entry of the judgment," within which to serve a copy of the bill of exceptions. We do not suppose, however, that the neglect to serve the written notice of the entry of judgment would have the effect to extend the time for taking the appeal and settling the bill of exceptions beyond two years, the period fixed by section 9. The statute expressly enacts that the appeal may be taken within two years from the entry of the judgment, thereby negativing the idea that it can be taken after that time. But within the two years, and within sixty days after service of written notice of the entry of judgment, the party desiring to appeal may serve his bill of exceptions upon the adverse party. No written notice of entry of judgment was given in this case. Therefore the service of a copy of the bill of exceptions upon the respondent's attorney on the 11th of December, 1865, was in time.

The counsel for the respondents claimed that it was not necessary to serve written notice of the entry of the judgment where the cause was tried by a jury, in order to set the

statute running, and he relied upon the case of *Cameron v. Sullivan*, 15 Wis., 510, in support of this position. In *Cameron v. Sullivan* the bill of exceptions was signed and settled more than two years after judgment was entered. Besides, the statute under which the case was decided was different from section 12, chap. 264, in regard to serving written notice of the entry of judgment. This will be apparent from an examination of the two statutes. Hence what is said in the latter part of the opinion in *Cameron v. Sullivan*, is inapplicable to a case arising under section 12, above cited.

But for the reason already given, the motion must be denied.

*By the Court.*—Motion denied.