EVANS vs. THE ST. PAUL FIRE & MARINE INSURANCE COMPANY.

*February 14— March 14, 1882.*

PRACTICE. *Limit of power to enlarge time for settling bill of exceptions.*

When the time limited by statute for appealing has expired, the circuit court loses all power to enlarge the time for settling the bill of exceptions in the case, and an order for such enlargement, under such circumstances, affects a substantial right, and is *appealable.* So *held* where the enlarging order was made by a court commissioner just *before* the time for appealing expired, and was confirmed by the court *after* the time for appealing, as limited by the statute, had expired.

APPEAL from the Circuit Court for *Clark* County.

The defendant appealed from an order, the nature of which will sufficiently appear from the opinion.

The cause was submitted for the appellant on the brief of *J. W. Lusk*.

For the respondent there was a brief by *R. J. MacBride* and *James O'Neill*, and oral argument by *Mr. MacBride*.

COLE, C. J. In this case judgment for the defendant was duly rendered on the 5th of September, 1879. The costs were taxed on that day and inserted in the judgment. A written notice of the entry of such judgment was also served on the plaintiff's attorneys on the 15th of that month. No steps were taken to settle a bill of exceptions until the 3d day of September, 1881, when, on application, founded upon affidavits attempting to excuse the delay, a court commissioner granted an order that the plaintiff have thirty days from that date within which to serve and settle a bill of exceptions. On the 6th of September, 1881, the circuit court denied the motion of the defendant to set aside this order of the commissioner, and made an order confirming the same. From the last order this appeal is taken.

*In limine* the learned counsel for the plaintiff objects that the order of the circuit court is not appealable, for the reason that it does not affect any substantial right within the meaning of subdivision 2, sec. 3069, R. S. The case of *Wood v. Blythe*, 42 Wis., 300, is relied on in support of this position. But that case in its facts is quite unlike the one at bar; so much so as to render the decision there made inapplicable. There a judgment was rendered for the plaintiff on the 29th of July, 1876. On the 13th of December following a court commissioner, on an *ex parte* application, enlarged the time thirty days for settling the bill of exceptions. This order the circuit court set aside as being illegal and void. On appeal from the order of the circuit court, this court treated the case as though the order made by the commissioner had been made by the court itself. The head-note states the decision of the court correctly in the following language: "An order of the circuit

court after judgment, granting or refusing an extension of time. for the settling of a bill of exceptions and a stay of proceedings on execution, does not affect any substantial right and is not appealable." But the essential distinction between that case and the one before us is this: There the court had power, upon satisfactory excuse shown for the delay, to grant leave to settle a bill of exceptions, though sixty days from the time of serving written notice of the entry of judgment had expired (*Smith v. Smith,* 19 Wis., 522; *Kelly v. Town of Fond du Lac,* 29 Wis., 439; *Pellage v. Pellage,* 32 Wis., 136), while here the court has no such power; for two years from the time the judgment was entered and perfected had expired when the circuit court affirmed the order of the commissioner enlarging the time for settling the bill of exceptions. The right to appeal from the judgment was absolutely barred by the statute. *Sambs v. Stein,* 53 Wis., 569.

In the *Sambs Case* judgment was perfected in favor of the plaintiff, who died soon after. It was held that, as the time for the defendant to appeal from the judgment began to run in the lifetime of the plaintiff, it was absolutely barred in two years, notwithstanding the death of such plaintiff before the expiration of that period, and that during a portion of the time for appealing there was no adverse party in existence upon whom notice of appeal could be served. See also *Jarvis v. Hamilton,* 37 Wis., 87; *Leadbetter v. Laird,* 45 Wis., 522. It would certainly be an anomaly in the law if the right to enlarge the time for settling a bill of exceptions should survive the right of appeal itself. We think the statute involves no such absurdity. We therefore hold that when the time for appealing has expired, the circuit court loses all power to enlarge the time for settling the bill of exceptions in the case. The question then arises, whether an order which attempts to enlarge the time for settling the bill of exceptions, and which the court has no power whatever to make, does not affect a substantial right so as to be appealable under the statute.

We think the question must be answered in the affirmative. Surely the adverse party may be put to much expense and trouble in attending before the circuit judge for the purpose of opposing the settlement of the bill, or he may be embarrassed in various ways if such bill is settled. It may be said that the bill of exceptions, if settled, will do the defendant no harm, for it will amount to nothing if the right of appeal is gone. So it might be said of a void judgment, that it would not injure a judgment debtor if left to stand, because he could always successfully resist any attempt to enforce it. But, confessedly, a writ of error might be brought, and an appeal is given, from a void judgment. On the whole, therefore, we are inclined to hold this order appealable, though the court had no power to settle a bill of exceptions when it affirmed the order of the commissioner. It seems to us the order differs essentially from an order staying proceedings in a cause, or one granting a continuance, and orders of that character, which are matters resting largely in the discretion of the court granting them, and are not appealable. *Felt v. Amidon*, 48 Wis., 66.

The conclusion which we have reached is, that the order of the circuit court appealed from must be reversed, and the cause be remanded with directions to vacate the order of the commissioner above referred to.

*By the Court.*— So ordered.