MILLER, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 27 — June 21, 1890.*

*Criminal law: Time for settling bill of exceptions.*

The bill of exceptions in a criminal action must be settled and signed within the time limited for the issuance of a writ of error, *i. e.*, within two years after the entry of judgment.

ERROR to the Municipal Court of *Milwaukee* County.

The cause was submitted for the plaintiff in error on the brief of *David S. Rose* and *Bradley G. Schley,* and for the defendant in error on that of the *Attorney General* and *L. K. Luse,* Assistant Attorney General.

TAYLOR, J.   The plaintiff in error was convicted of murder in the second degree, and judgment was rendered against him on the 27th of October, 1887.  A writ of error was issued on the 24th of September, 1889.  A bill of exceptions was settled and signed by the judge of the court in which the defendant was tried, on the 3d day of January, 1890.

The only error assigned by the learned counsel for the plaintiff in error for the reversal of the judgment in this case is that the court improperly allowed one H. J. Killilea, Esq., to appear as counsel to assist the district attorney in the prosecution of the said plaintiff in error, although he was employed and retained by private parties for a compensation to be paid by such private parties, which fact the accused offered upon the trial to prove, and made objection to the said counsel appearing and assisting in said action. It is alleged that the court refused to hear the evidence offered, and permitted the said counsel to assist the district attorney in the prosecution of the said action against the plaintiff in error.

Upon the case being called for argument in this court, the learned attorney general moved to strike the bill of exceptions from the files in the case, for the reason that it was not settled and signed within two years after the entry of the final judgment in the action.   The motion of the attorney general, we think, must be granted.   This court held in *Evans v. St. Paul F. & M. Ins. Co.* 54 Wis. 522–524; *Vroman v. Dewey*, 22 Wis. 362; and *Bonesteel v. Bonesteel*, 30 Wis. 151–153,— that the bill of exceptions in civil actions must be settled within the time limited for an appeal in such actions, which is two years after the entry of the judgment in the action.   By sec. 3039, R. S., a writ of error to reverse a judgment in a civil action must also be issued within two years after the entry of the judgment; and by sec. 4724, R. S., a writ of error in a criminal action must be issued, and bill of exceptions served and settled, within the

time prescribed for issuing and settling the same in civil actions.   Under the decision in 54 Wis. 522–524, the bill of exceptions could not be legally settled and signed after the expiration of the two years from the date of the judgment. The motion to strike it from the files must be granted.

The bill of exceptions having been stricken from the files, there is nothing in the record showing the proceedings upon which the plaintiff in error relies for reversing the judgment.

*By the Court.*— The judgment of the municipal court of Milwaukee county is affirmed.