RAY, Assignee, Respondent, vs. HIXON and others, Executors, Appellants.

*March 6 — April 3, 1895.*

*Voluntary assignment: Waiver by assignee of right to appeal from judgment: Bill of exceptions: Appealable order.*

1. After judgment against an assignee for the benefit of creditors in an action by him to set aside a mortgage given by his assignor, he sold the mortgaged property in good faith and upon advice of counsel and with the consent of the mortgagee, and applied the proceeds upon the mortgage debt with the sanction of the court, and the mortgage was thereupon discharged. *Held,* that this was a settlement of the litigation and a waiver of the right to appeal from the judgment and was binding upon creditors represented by the assignee.

2. An order extending the time for filing and serving a bill of exceptions, made after the right to appeal had been waived, is appealable.

APPEAL from an order of the circuit court for La Crosse· county: J. M. MORROW, Circuit Judge. *Reversed.*

This action was brought by *George H. Ray,* assignee under a voluntary assignment of the firm of McDonald Bros., against one Gideon C. Hixon, for the purpose of setting aside certain real-estate mortgages and bills of sale of personal property which were given by McDonald Bros. to secure repayment of a loan of $75,000 made by Hixon to them January 21, 1889. The voluntary assignment of McDonald Bros. was made December 17, 1891, and the said mortgages and bills of sale were not placed upon record until about the· time of the making of the assignment. It was alleged in the complaint that the said mortgages and bills of sale were fraudulent and void as against creditors, because withheld from record pursuant to an agreement with McDonald Bros. Gideon C. Hixon having died after the commencement of· the action, the defendants, his executors, were substituted as defendants. Before the trial of the action, the defendants disclaimed any right to or lien on the personal property, and· released the same and surrendered the bills of sale.

The action was tried in February, 1893, by the court; and, on the 20th day of April following, findings and judgment were entered and rendered in favor of the defendants, the court finding that there was no agreement to withhold the securities from record, and that they were valid securities. Notice of entry of this judgment was duly served on the attorneys for the plaintiff, April 25, 1893. No exceptions were filed by the plaintiff to the findings of the court.

The defendants' claim against the insolvent estate amounted, with interest, to $108,945.04, and was duly filed and proved' in the assignment proceedings. It appears that the assignee sold the real estate covered by the mortgages for the sum of $65,658.07; and in May, 1893, the assignee· paid said sum to the defendants, and also paid to them· a dividend of thirty-five per cent. upon their claim, amounting

to $38,130.89, making a total amount paid on the claim of $103,788.96. Thereupon the mortgages were released and discharged. Such payments were made by the assignee under the advice of his counsel, and because he was advised by them that the judgment could not be reversed and that it was not for the interest of the creditors to take an appeal. September 8, 1893, the assignee made report to the circuit court of the proceedings in the action, and the payments on the said judgment so made by him, and the reasons therefor; and upon said petition an order was made by the circuit court authorizing and approving such payments, and directing that such order be entered *nunc pro tunc* as of May 1, 1893.

On the 7th day of February, 1894, one James J. Hogan, a creditor of McDonald Bros., whose claim was duly proven and amounted to more than $11,000, gave notice to the defendants' attorneys that he would apply to the court on the 19th day of February, 1894, for an order "requiring and directing the plaintiff to make application to have the default of said plaintiff to file exceptions to the findings of fact and conclusions of law made and filed in the above-entitled action opened, and the time for so doing extended, and requiring and directing the said plaintiff to cause a bill of exceptions in the above-entitled action to be duly settled, or that said James J. Hogan may be permitted to make such application in the name of the said assignee for the benefit of the creditors of the said McDonald Bros." This motion was based on the record, and upon the affidavits of James J. Hogan, C. Jellison, George B. Earley, and Charles W. Bunn.

Hogan's affidavit stated that he was a creditor of McDonald Bros. to the amount before stated; that such credit was given by him after the giving of the securities to Hixon, and upon the faith that the property was free and clear of incumbrances and a statement to that effect by McDonald Bros., and that such credit would not have been given had he

Ray vs. Hixon and others.

known of the incumbrance; that the assignee failed to notify him of the trial of the action, though his claim had been duly proven, and that he did not know of the trial until after the judgment had been rendered; that he had no information as to what the findings were, but supposed that the assignee would in due time take proper exceptions and prepare a bill of exceptions for appeal, and, relying on such belief, he took no steps to ascertain if he had done so until December 29, 1893, when he ascertained that no exceptions had been taken and that the time for preparing the bill of exceptions had expired; that he then employed C. W. Bunn, Esq., an attorney, to make application to open the default and obtain extension of the time for making exceptions and preparing a bill.  He also offers to file a bond for such sum as the court directs, for the payment of all costs and expenses on the application and appeal, and to save the assignee and the estate harmless.

Jellison's affidavit states that he is president of the Jellison Towing Company, and that said company is a creditor of McDonald Bros. to the extent of $3,300, which credit was extended on the faith and belief that the property of McDonald Bros. was unincumbered; that he knew of this action, but did not know that the assignee had failed to take exceptions or prepare a bill, but supposed until within two months that the assignee was prosecuting the litigation upon appeal.

George B. Earley's affidavit stated he is the administrator of the estate of Henry W. Earley, deceased, who died March 24, 1893, and who in his lifetime was a member of two firms who were creditors of said McDonald Bros. to the aggregate amount of over $12,000, which debts were duly proven; that such debts were contracted and credit given on the faith that the property of McDonald Bros. was unincumbered, and upon investigations of the records which showed that fact; that said Henry W. Earley, before the trial

of this action, requested the plaintiff and his attorneys to be allowed to show on the trial the facts with reference to the extension of credit to said assignors, as stated in the affidavit, but that plaintiff failed and refused to permit such evidence to be given; that said H. W. Earley fell sick before the trial of said action, and was confined to his bed at the time of the trial, and died before the final decision thereof; that deponent supposed that plaintiff would take the necessary steps to appeal from the judgment, until about the 1st of March, 1894.

The affidavit of Charles W. Bunn states that he has advised his clients Hogan and other creditors, and verily believes, that they have a good and valid case to set aside the mortgages described in the complaint; that he verily believes there is merit in excepting to the findings in the case, and, if a case is settled containing all the evidence, he believes it will disclose good and valid reasons for reviewing the judgment upon appeal.

In opposition to the motion, there was filed and read the affidavit of Gilbert M. Woodward, of the law firm of Losey & Woodward, who are attorneys for the assignee and have been such since the assignment was made. It appears from this affidavit that Henry W. Earley was anxious to have this action commenced, and sent circulars to many creditors urging them to join, and also had a number of conferences with the assignee and his attorneys on the subject, which finally resulted in the assignee bringing this action; that Mr. T. F. Frawley of Eau Claire was Mr. Earley's attorney, and that he and Earley were duly notified by letters and telegrams of the day of the trial; that Mr. Frawley telegraphed on the day before the trial that Mr. Earley was sick, but made no suggestion of postponement; that the action was tried on the day set and taken under advisement, and before it was decided Mr. Frawley was at La Crosse and was told what had occurred on the trial, the evidence produced, and the

Ray vs. Hixon and others.

points made, and that there was no intention to take an appeal; and that Mr. Frawley expressed no dissatisfaction nor desire to appeal in case of an unfavorable result. Mr. Woodward's affidavit further showed that no other creditor of McDonald Bros. in any way manifested any interest in the action after it was commenced or after it was decided, and that no intimation was ever given to the assignee or his attorneys that any person desired to take an appeal until February 10, 1894, when this motion was made; that he advised the assignee, after the decision in this case was made, that an appeal would be ineffectual and only result in useless delay and expense.

The petition of the assignee for authority to pay the Hixon claim, and the order made thereon September 8, 1893, as of May 1, 1893, were also used in opposition to the motion.

Upon the showing so made, an order was made by the court, May 22, 1894, extending the time of the plaintiff to file and serve a bill of exceptions until July 1, 1894, and also providing that Hogan might use the name of the assignee for that purpose and for the purpose of a motion or appeal on such case or exceptions, and that he might control the proceedings upon giving bond in the sum of $1,000. From this order the defendants appealed.

For the appellants there were briefs by *George H. Gordon* and *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. C. Winkler* and *Mr. Gordon.*

For the respondent the cause was submitted on the brief of *Bunn & Hadley.* The order was not appealable. Sec. 3069, R. S.; *Wood v. Blythe,* 42 Wis. 300; *Jarvis v. Hamilton,* 37 id. 87. The recognized practice in reviewing orders after judgment with regard to the record on which an appeal is heard, is by a motion to strike out the case or bill of exceptions after the case is taken to the supreme court by appeal from the judgment. *Kelly v. Fond du Lac,* 29 Wis. 439; *Pellage v. Pellage,* 32 id. 136.

WINSLOW, J.  It is clear that the action brought by the assignee to set aside the Hixon mortgages as fraudulent was brought by him in his trust capacity, representing all the creditors of McDonald Bros.     S. & B. Ann. Stats. secs. 1693*b*, 1702*a*.

The judgment in that action was necessarily binding upon the assignee, subject only to his right to move for a new trial or to appeal.  Under the advice of able counsel, and apparently in the exercise of entire good faith, he accepted the result, sold the mortgaged property (necessarily with the consent of the mortgagees), and paid over the proceeds of sale to the defendants, with the sanction and approval of the circuit court.  It appears also that, upon such payment being made, the mortgagees satisfied and discharged the mortgages.  Thus, the whole controversy was unquestionably settled; and it is clear that the arrangement was one by which both parties mutually agreed to settle the entire litigation and waive the right to appeal.  Such an agreement, fairly made, constitutes an effective waiver of the right of appeal.  *Thornton v. Madison Woolen Mills,* 41 Wis. 265; Elliott, App. Proc. § 148; *Sloane v. Anderson,* 57 Wis. 123, and cases cited on page 129.  Nothing is left for adjudication.

The assignee, therefore, had no right of appeal after he had made this settlement.  In the absence of fraud or bad faith, whatever binds the trustee in an action brought by him in his trust capacity binds the *cestuis que trustent* whom he represents.  *Richter v. Jerome,* 123 U. S. 233, 246; *Kerrison v. Stewart,* 93 U. S. 155–160; *Corcoran v. C. & O. Canal Co.* 94 U. S. 741, 745.  No fraud or bad faith on the part of the trustee is shown in the present case.  On the contrary good faith affirmatively appears.  Therefore the creditors are bound by the judgment and the settlement thereof equally with their trustee.

There being no right of appeal, there was no right to set-

tle a bill of exceptions, and an order attempting to grant
such right is appealable. *Evans v. St. Paul F. & M. Ins.
Co.* 54 Wis. 522.

*By the Court.*— Order reversed, and action remanded with
directions to deny the motion.