Shafer vs. City of Eau Claire.

Shafer, Appellant, vs. City of Eau Claire, Respondent.

December 15, 1899 — January 9, 1900.

105   239|
113   ⁵513|

*Bill of exceptions: Settlement after expiration of time for appeal: Practice: Evidence: Remarks of judge: Privileged communications: Physicians: Cross-examination: Witnesses.*

1. Where an appeal is duly taken and a proposed bill of exceptions duly served within two years from the rendition of the judgment, the court has power, in the absence of a mandatory limitation by statute, to settle such bill after the two years allowed for appeal have expired.

2. Language used in *Evans v. St. Paul F. & M. Ins. Co.* 54 Wis. 522, indicating an absence of *power* to settle a bill of exceptions after the two years allowed for appeal have expired, *held* to be inaccurate, and to be intended rather as establishing a rule of practice than as denying jurisdiction.

3. As a rule of practice, only to be departed from when both parties stipulate it, a bill of exceptions should not be settled after the two years allowed for an appeal have expired.

4. In an action for personal injuries caused by a defective bridge, it is proper, for the purpose of showing that the city should have had notice of the defect in question, to call a witness who was well acquainted with the bridge and ask him as to the general condition of the approach where the accident happened, at the time of the accident; and remarks of the court on sustaining an objection thereto, in substance, that it is useless to talk about the bridge being old and rotten, and that a verdict would not be allowed to stand that was contrary to what the judge knew to be the fact of his own knowledge, are erroneous, being a distinct invasion of the province of the jury.

5. Under sec. 4075, Stats. 1898, it is error to permit the physician who treated the plaintiff after the accident to testify, against objection, to disclosures made by her to him, and to what he discovered by examination of her person, to enable him to prescribe for her.

6. Under sec. 4073, Stats. 1898, it is proper to prove upon cross-examination, by proper questions, that the witness had been convicted of a criminal offense.

Appeal from a judgment of the circuit court for Eau Claire county: W. F. Bailey, Circuit Judge. *Reversed.*

This is an action to recover damages for personal injuries sustained by the plaintiff while traveling over a certain bridge in the city of *Eau Claire*, which injuries were alleged to have been caused by reason of the want of repair of said bridge. The insufficiency complained of was that a piece of scantling composing a part of the railing of the bridge had become loose at one end, and swung away from the railing, and that while she was crossing said bridge in a buggy the driver drove close to the rail, in order to pass some teams going in the opposite direction, and that while so passing the loose end of the scantling caught in some manner against some part of the buggy, and was forced up into the buggy, striking the plaintiff and injuring her. The claim was properly presented to the common council of the city, and disallowed, and appeal was duly taken to the circuit court for Eau Claire county. The defendant by answer admitted that the bridge was a part of the highway, but denied any negligence, and set up the plaintiff's contributory negligence. The action was tried before a jury, and a general verdict for the defendant was rendered, and from judgment in accordance with the verdict the plaintiff appeals.

For the appellant there were briefs by *Frawley, Bundy & Wilcox*, attorneys, and *R. D. Whitford*, of counsel, and oral argument by *T. F. Frawley*.

*James Wickham*, for the respondent.

WINSLOW, J. The errors claimed are all based upon rulings made upon the trial. Prior to the argument the respondent moved to strike out the bill of exceptions because not settled within two years from the date of the judgment, and this motion must first be disposed of. It appears that judgment was perfected November 25, 1895, but no notice of entry thereof was ever given. A proposed bill of exceptions was served July 29, 1897. Amendments were pro-

posed by the respondent September 25th following, in the form of a motion to substitute the reporter's minutes for the proposed bill. This was agreed to by the appellant, and the same was thereafter perfected under the direction of the respondent's attorney, but not fully completed until December 29, 1897, when it was stipulated in writing by the attorneys of both parties that the same be signed without notice, and it was then settled and signed by the trial court. Some amendments were subsequently made in the bill on motion of the respondent. The appeal was duly perfected October 13, 1897. Thus, the situation is that the appeal was duly taken, and a proposed bill of exceptions served, within two years from the rendition of the judgment, but the bill itself was finally settled after the expiration of the two years, for the convenience of the respondent, and in pursuance of an express stipulation. It is insisted in support of the motion that the court had no power to settle a bill of exceptions after the two years allowed for an appeal had expired, notwithstanding the fact that an appeal had been taken in due time.

There is no statute thus limiting the time within which a bill of exceptions must be settled, but reliance is placed upon the cases of *Cameron v. Sullivan*, 15 Wis. 510, *Evans v. St. Paul F. & M. Ins. Co.* 54 Wis. 522, and *Miller v. State*, 77 Wis. 271. That there is language in these cases apparently justifying the contention cannot be denied. In *Cameron v. Sullivan* an appeal had been taken within the two years, but the bill of exceptions was settled after the expiration of two years, and it was stricken out on the sole ground that there was no statute or rule of court authorizing the settling of the bill "after such a lapse of time." In *Evans v. St. Paul F. & M. Ins. Co.* it was said that "when the time for appealing has expired the circuit court loses all power to enlarge the time for settling the bill of exceptions in the case." It is to be noted that it did not appear in that

case, so far as the record shows, that any appeal had been taken from the judgment. In *Miller v. State*, which was a criminal case, it was held that a bill of exceptions could not be legally settled and signed after the expiration of two years from the date of the judgment, although in that case a writ of error had been duly sued out within the two years. The case of *Ray v. Hixon*, 90 Wis. 39, also has some bearing on the subject; for in that case it was said, upon the authority of *Evans v. St. Paul F. & M. Ins. Co.*, that when there is no right of appeal there is no right to settle a bill of exceptions. In none of the cases does it appear that there was a stipulation of the parties authorizing the settlement of the bill of exceptions after the expiration of the two years, as there was in the case before us. If, however, the court has no *power* to settle a bill after the two years has expired, as it has no power to permit an appeal after the time, then even a stipulation of the parties could not confer that power, because it is a question of jurisdiction. It is not easy to see upon what line of reasoning the power or jurisdiction is denied, in the absence of a mandatory statute. As has been said, there is no statutory provision cutting off the right to settle a bill at the end of two years from the rendition of the judgment. There is a provision that service of the proposed bill must be made within sixty days after the service of notice of the entry of the judgment (sec. 2876, Stats. 1898), and this is really the only time limitation set by the statute upon service of the bill. In the present case there was no notice of the entry of the judgment served; hence the sixty-day limitation does not apply. With regard to this limitation it has been expressly held that the court, after expiration of the sixty-day limit, has power to grant leave to serve a bill (*Kelly v. Fond du Lac*, 29 Wis. 439); also, that, where the bill was served and settled after the sixty-day limit had expired, it will be presumed that such settlement was allowed by the court upon

sufficient showing (*Nilson v. Morse*, 52 Wis. 240). So it is clear that the sixty-day limit is not jurisdictional.

Some light is also thrown upon the subject by examination of the ancient practice. Prior to the passage of statutes regulating the practice it was universally the rule that the settlement of the bill must be made before the close of the trial term, yet it was always held that this time might be extended by order of the court, or by agreement of the parties waiving the settlement at the term. 3 Ency. of Pl. & Pr. 465–469, and notes. These rulings could never have been made if the question were simply one of power or jurisdiction. In view of these well-established principles, and the absence of any mandatory limitation by statute, we are inclined to hold that the language of the court in *Evans v. St. Paul F. & M. Ins. Co.*, *supra*, indicating an absence of power to settle a bill of exceptions after the two years has expired, is inaccurate, and was intended rather as establishing a rule of practice than as denying jurisdiction. As a rule of practice, only to be departed from when both parties stipulate to waive it, we think it is entirely reasonable, and we should not feel called upon to disturb it; but, as an absolute denial of power, we are unable to agree with it. This conclusion results necessarily in a denial of the motion, on the ground that the parties stipulated to the settlement after the two years had expired, and hence waived the rule.

Passing to the merits of the case, we find several reasons why the judgment must be reversed:

1. The plaintiff called a witness who was well acquainted with the bridge, and asked him as to the general condition of the approach, where the accident happened, at the time of the accident, for the express purpose of showing that the city should have had notice of the defect in question. This was proper, under repeated rulings of this court. *Conrad v. Ellington*, 104 Wis. 367; *Olson v. Luck*, 103 Wis. 33. The court sustained an objection to the question, and remarked: " We know when that east approach was built. It is useless

to talk about that being old and rotten along there, or anything of the kind.   Any verdict that the jury would find that is contrary to what I know to be the fact from my own personal knowledge I would not allow to stand for a minute."   Other rulings and remarks of a similar character were made by the court as the case proceeded.   It seems almost unnecessary to say that such remarks as those quoted above are erroneous, because they are a distinct invasion of the province of the jury.

2. The defendant called the physician who treated the plaintiff after the accident, and was allowed to show by him (against objection and exception on the ground of privileged communication) all that the plaintiff disclosed to him, and all that he discovered by examination of her person, to enable him to prescribe for her.   This was error, under the statute (sec. 4075, Stats. 1898).   *Boyle v. N. W. M. R. Asso.* 95 Wis. 312; *McGowan v. Supreme Court I. O. F.* 104 Wis. 173.

3. One of the defendant's witnesses who had testified as to the condition of the bridge was asked upon cross-examination whether he had not been convicted of a criminal offense, and the court sustained an objection to the question, remarking: "You have not shown only by one man, a stranger out in the country, that anybody saw it down during that time; so it isn't necessary to ask this man whether he has been convicted of a criminal offense or not. It would not affect his testimony, unless it was a felony, and then it would be a question for the jury."   The sustaining of the objection may have been proper, under the rule laid down in *Sieber v. Amunson*, 78 Wis. 679, because the question did not fix time and place; but it was not objected to nor ruled out on that ground, but upon the general ground that it was inadmissible.   It was certainly proper to prove the fact by proper questions upon cross-examination under the statute (sec. 4073, Stats. 1898); and attention is now called to the incorrect ground upon which the ruling was based simply in order to avoid confusion upon a new trial.

Various objections and exceptions were urged to rulings upon hypothetical questions put to medical witnesses, but it is not deemed necessary to treat them. The law on this subject is so fully covered by recent decisions of this court that there can be no serious difficulty upon a new trial.

*By the Court.*— Judgment reversed, and action remanded for a new trial.