# CASES DETERMINED

# January Term, 1909.

---

DICKINSON, Respondent, vs. SMITH and another, Appellants.

*March 12—March 30, 1909.*

*Ejectment: New trial: Undertaking: Justification of sureties: Failure to pay costs not taxed: Extension of time: Amending defective undertaking after the year.*

1. Sec. 3092, Stats. (1898), providing that the sureties on the undertaking of a party applying for a new trial in ejectment "shall justify their responsibility in the same manner as bail on arrest," does not refer to sec. 2704 (as amended by ch. 159, Laws of 1903), which prescribes the *qualifications* of bail, but to secs. 2705, 2706, which prescribe the manner of *justification* and the proceedings thereon. *Newland v. Morris*, 113 Wis. 394, overruled.

2. Where the order granting a new trial in ejectment fixed the amount of the undertaking and required the sureties to "justify their responsibility as required by law," this meant that the sureties should satisfy the trial judge in the first instance as to their responsibility, subject to being required to justify on notice as provided in sec. 2705, Stats. (1898).

3. Although the sureties in such case failed to state, in their affidavit appended to the undertaking, that the property possessed by each was "over and above all his debts and liabilities," yet when the undertaking was approved by the trial judge the justification was sufficient under sec. 3092, Stats. (1898), subject only to further justification on notice under sec. 2705.

4. An order vacating the judgment and granting a new trial in ejectment should not be set aside because of failure of the applicant to pay costs awarded on affirmance of the judgment, where it appeared that the other party had neglected to have such costs taxed. The order should be modified in such case

by making the new trial conditional upon payment of such costs within a reasonable time after they should be taxed, treating the time for payment as thus extended under sec. 2831, Stats. (1898).

5. Under sec. 2831, Stats. (1898), the court may, in discretion, permit a defective undertaking given under sec. 3092 to be amended, even after the expiration of the year within which the right to a new trial must be exercised.

APPEAL from orders of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *One order modified; the other reversed.*

In an action in ejectment plaintiff recovered judgment. It was affirmed on appeal to this court. In due course the *remittitur* was filed in the office of the clerk of the circuit court. It contained this language:

"It is now here ordered and adjudged by this court that the judgment of the circuit court of Outagamie county in this cause be and the same is hereby affirmed with costs against the said appellants taxed at the sum of —— dollars."

Thereafter defendants applied for an order vacating the circuit court judgment, and granting a new trial under sec. 3092, Stats. (1898), presenting an affidavit stating the facts, including that they had paid all costs recovered in the judgment against them. An order was entered pursuant to such application, granting the same, upon condition of defendants giving an undertaking pursuant to such section, in the sum of $200. For the purpose of complying with such condition, defendants presented to the trial judge an undertaking, in all respects sufficient, unless it was fatally defective for failure, in the sureties' affidavits of qualification, to state as to each that the property stated to be possessed by him was "over and above all his debts and liabilities." The undertaking was, in all respects, approved by the trial judge and duly placed on file. Subsequently the order was set aside on motion of plaintiff's counsel, because the costs awarded her in this court had not been taxed nor paid nor tendered nor any demand for

such taxation been made; and, further, because the sureties neglected to testify as to their possessing property over and above their debts and liabilities as before stated.   After the expiration of a year from the rendition of judgment, but otherwise seasonably, an application was made for leave to supply the omission in the affidavits of qualification, basing such application upon affidavits excusing neglect in that regard. The application was denied.   Defendants appeal from the order and from the order setting aside the order granting a new trial.

For the appellants there was a brief by *Kronshage, Mc-Govern, Goff, Fritz & Hannan,* attorneys, and *A. M. Spencer,* of counsel, and oral argument by *Mr. Guy D. Goff* and *Mr. Spencer.*

For the respondent there was a brief by *Paul V. Cary,* attorney, and *Henry D. Ryan,* of counsel, and oral argument by *Mr. Cary.*  As to the condition in sec. 3092, Stats. (1898), requiring payment of all costs "awarded," not all costs "taxed," they cited *County of Cook v. Calumet & C. C. & D. Co.* 131 Ill. 505, 19 N. E. 46; *Dawson v. Shillock,* 29 Minn. 189, 12 N. W. 526.

MARSHALL, J.   The trial court erred in vacating the order for a new trial upon the ground that the sureties in their affidavits, subjoined to the undertaking, failed to state that the property possessed by each was "over and above all his debts and liabilities."

True, sec. 3092, Stats. (1898), prescribing the conditions upon which a new trial in an ejectment case may be obtained, provides that the sureties shall justify their responsibility in the same manner as bail on arrest, and sec. 2704, Stats. (1898), as amended by ch. 159, Laws of 1903, provides that such bail as qualification must be worth the amount of property specified over and above all his debts and liabilities, but sec. 3092 does not provide that the sureties therein mentioned

shall possess the same qualification as bail on arrest. The undertaking with sufficient sureties must be in such sum as the court shall direct and the sureties must justify their responsibility in the same manner as bail on arrest. The manner of justification of such bail is provided for by sec. 2705 and contemplates an examination under oath before the judge, the examination to be reduced to writing and signed by the surety, if required by the party for whose protection the undertaking is given.

The meaning of sec. 3092 in connection with sec. 2705, is that the applicant for a new trial shall file an undertaking with sureties as directed by the court, subject to subsequent justification, if desired under such section, and that, upon the examination, on such justification, satisfying the judge, he shall so adjudge and annex the examination of the sureties to the undertaking, indorse his allowance thereon, and cause the papers to be filed as required in sec. 2706.

We see no escape from the conclusion that sec. 2704 as to qualification of bail, to which sec. 3092 does not refer at all, and secs. 2705 and 2706 as to the manner of justification and determination, to which sec. 3092 does refer, are separate and distinct as regards the latter section. That was not amended by the law of 1903.

Qualification is one thing, justification and manner of justification are other things. Sec. 3092 makes no reference to the former except as it leaves the matter to the trial judge to be fixed by the order for the new trial or otherwise as was done in this case. The order required the sureties to "justify their responsibility as required by law." The trial judge meant by such language, satisfy him in the first instance of their responsibility subject to being required to justify on notice as provided in sec. 2705, Stats. (1898). That is evident from the fact that the undertaking with the alleged faulty affidavits was approved by the judge. We cannot doubt but that the undertaking, so approved, fully complied

with sec. 3092 subject to "justification," subsequently, as the subject of "justification" is treated in secs. 2705 and 2706. There the term is used in its common-law sense of a proceeding, on notice, before a magistrate to establish qualification as bail. Nothing of that sort is contemplated by our statute, unless the sufficiency of the undertaking is excepted to.

The learned circuit judge very naturally held, on the motion to vacate the order for a new trial, that the undertaking was not sufficient, by reason of what was said in *Newland v. Morris,* 113 Wis. 394, 89 N. W. 179. The court there confused qualification with mere procedure on justification, reaching the conclusion, because the subject of such procedure is incorporated into sec. 3092, that the subject of qualification covered by the preceding section is likewise so incorporated. We are now satisfied that such conclusion is clearly wrong and should be corrected, which must be regarded as done by the result of this case.

It is the opinion of the court that the order setting aside the order vacating the judgment cannot be sustained upon the ground that the costs to which respondent was entitled on the appeal to this court were not paid, since by fault of respondent opportunity to pay the same never existed. It would be singular if the beneficent purpose of the statute, as regards allowing a person a second opportunity to judicially establish his right to real estate before being forever foreclosed thereof, could be defeated by neglect of his adversary to have his costs seasonably taxed. Since the *remittitur* filed in the office of the clerk of the circuit court showed that no costs had been taxed, respondent was estopped from efficiently claiming noncompliance with the statute as regards paying the same as a condition of a new trial. Upon its appearing to the trial court that such costs had not been paid but that nonpayment was without fault on the part of appellants, it would have been good practice to have modified the order for a new trial, making the same conditioned upon payment of such costs within

a reasonable time after they should be taxed, treating the time for payment as thus extended, under the general power of the court, on motion and for good cause shown, in discretion and upon such terms as may be just, to allow any proceeding to be taken after the time thereof limited by statute has expired, except the time for taking an appeal. Sec. 2831, Stats. (1898).

The foregoing indicates that the appeal from the order vacating the order for a new trial must be substantially disposed of in favor of the appellants.

The appeal from the order refusing leave to remedy the supposed imperfection in the undertaking is of little importance except on the subject of costs. It involves the question of whether it is competent to permit a defective undertaking given under sec. 3092, Stats. (1898), to be amended after the expiration of the year limitation upon the right to a vacation of the judgment and order for a new trial. It appears that permission to amend was refused because of supposed want of power to do otherwise. Conceding that the power existed, so strong a case was made for exercise thereof that permission to amend, very clearly, should have been granted.

We are unable to discover any ground for the position that power does not exist to permit such an amendment, even after the expiration of the year period. The language of sec. 2831 is very broad. It makes but one exception, *i. e.* the extension of time for taking an appeal. Under that, permission to do many acts in a cause after the time limited therefor has expired has been held proper. As for examples: *Smith v. Smith,* 19 Wis. 522; serving a proposed bill of exceptions and settling the bill, *Kelly v. Fond du Lac,* 29 Wis. 439; *Pellage v. Pellage,* 32 Wis. 136; *Wood v. Blythe,* 42 Wis. 300; filing exceptions to the judge's findings of fact, *Wis. River Imp. Co. v. Lyons,* 30 Wis. 61; *Ottillie v. Wæchter,* 33 Wis. 252; *Milwaukee Co. v. Pabst,* 64 Wis. 244, 25 N. W. 11.

In the last case cited the court remarked:

"The statute (sec. 2831, R. S.) authorizing the court on motion and good cause shown, in discretion and upon terms, to allow any proceeding to be taken after the time limited by the statute, has but one exception, and that is for an appeal."

The broad power under discussion has not always been fully appreciated and sometimes refusal to exercise it has been sustained in such a way as to indicate absence of power, instead of proper exercise of discretion in refusing to grant relief. In *Cameron v. Sullivan,* 15 Wis. 510; *Evans v. St. Paul F. & M. Ins. Co.* 54 Wis. 522, 11 N. W. 594; and *Miller v. State,* 77 Wis. 271, 45 N. W. 1129, it was held that a bill of exceptions could not be settled after the expiration of the time limited for taking an appeal, even in aid of an appeal seasonably taken. *Ray v. Hixon,* 90 Wis. 39, 62 N. W. 922, is to the same effect. In *Shafer v. Eau Claire,* 105 Wis. 239, 243, 81 N. W. 409, such cases, so far as they deny the power of the court in such matters, were overruled. We assume the learned circuit judge supposed—on the strength of the doctrine which was displaced in 1890, that when the time shall have expired to do an act which would be ineffective unless some other act were done, and the primary thing occurs within the time, but not the secondary one, as in case of taking an appeal within the two-year limitation, but failure to settle the bill of exceptions necessary to present the error relied on, the court is powerless to relieve the party, requiring such bill, from his default—that the undertaking under sec. 3092, Stats. (1898), could not, under any circumstances, be perfected after the year period. That was a mistake, as we have seen. Leave to cure the supposed defect in the undertaking should have been granted.

*By the Court.*—The order vacating the order for a new trial is modified so as to provide that the order vacating the judgment and granting the new trial shall be void and of no effect unless defendants pay the costs awarded plaintiff upon

the former appeal to this court, within ten days after written notice of the taxation of such costs and the amount thereof, if such notice shall be given within sixty days after the filing of the *remittitur* on this appeal in the office of the clerk of the circuit court, and in case no such notice shall be given within such time, the order for a new trial shall have full force without payment of such costs. The order refusing leave to amend the undertaking is reversed.