WALKER and others, Respondents, vs. ROCKMAN, Appellant.

*February 3—February 24, 1914.*

*Ejectment: Judgment: When is on the merits: New trial: Notice of*
*motion: Undertaking: Approval: Service of copy: Justification*
*of sureties.*

1. In ejectment, defendant set up title in himself and demanded
   judgment that the title and right of possession were in him.
   The cause was tried by the court. At the close of plaintiffs'
   testimony defendant moved for judgment dismissing the com-
   plaint because plaintiffs had failed to establish title in them-
   selves. The court granted the motion and found as a con-
   clusion of law that defendant was entitled to judgment dis-
   missing the action upon the merits, and judgment was entered
   accordingly in that form. *Held,* that the judgment was one on
   the merits and was proper. *Comstock v. Boyle,* 134 Wis. 613,
   distinguished.
2. Plaintiffs in ejectment being entitled to a new trial as a matter
   of right under sec. 3092, Stats., it was immaterial that the no-
   tice of motion therefor was not served on defendant.
3. An order for a new trial in ejectment, granted under sec. 3092,
   Stats., becomes effective upon payment of the statutory costs
   and the filing of an undertaking which in form complies with
   the statute and the order.
4. The statute does not, in such case, require the court to approve
   the undertaking. *Dickinson v. Smith,* 139 Wis. 1, distinguished.
5. Nor is the provision in sec. 2702, Stats., relating to the service
   of a certified copy of the undertaking, applicable to actions of
   ejectment.
6. The sureties in the undertaking are, under sec. 3092, Stats., re-
   quired to justify only in case objection is made to their suffi-
   ciency. Defendant has the right to make such objection and
   to have proceedings stayed until the sureties justify; and if
   they fail to do so and plaintiff fails to furnish a new and suf-
   ficient undertaking, defendant is entitled to have the order
   vacating the judgment set aside as a matter of course.

APPEAL from a judgment of the circuit court for Barron
county: FRANK A. Ross, Circuit Judge. *Affirmed.*

This is an action of ejectment in which the plaintiffs claim
title and right of possession. The answer denied the alle-

gations of the complaint and set up title in the defendant under certain tax deeds and demanded judgment decreeing that the title and right of possession were in the defendant. At the close of plaintiffs' testimony the defendant moved for judgment dismissing the complaint because plaintiffs had failed to establish title in themselves. The court granted the motion, and as a conclusion of law found that the defendant was entitled to judgment dismissing the action upon the merits and that the defendant recover costs. A judgment was accordingly entered on November 11, 1912, which adjudged that the action be dismissed upon the merits. On December 5, 1912, one of the attorneys for the plaintiffs filed an affidavit reciting that the costs had been paid and that plaintiffs applied for a new trial in the action as allowed by law. Thereafter on December 6, 1912, the court entered an order vacating the judgment and granting a new trial upon condition that the plaintiffs execute and file an undertaking with sufficient sureties in the sum of $200, to the effect that they would pay all costs and damages which might be finally awarded to the other party in the action, such sureties to justify their responsibility as required by law. This order was entered without notice to the defendant or his attorney. It appears by inference that an undertaking was filed, but through some oversight the same was not returned with the record to this court. The case was noticed for trial at the March, 1913, term of the circuit court for Barron county, and thereupon the defendant moved for an order vacating and setting aside the order granting a new trial, the defendant appearing specially for the purpose of making such motion. The grounds on which it was sought to set aside the order were as follows: (1) The court had no power to make the same, and the order was erroneous because the plaintiffs were not entitled to a new trial. (2) No notice of the application for a new trial was served on defendant or his attorney. (3) The order as granted was inoperative as an order vacating

the judgment and granting a new trial. (4) Neither the order nor a copy thereof was served on the defendant or his attorney. (5) The undertaking authorized by the order was not served upon the defendant or his attorney, nor was the undertaking nor the responsibility of the sureties approved by the court or judge. (6) The application and affidavit upon which the order was based were insufficient to authorize any order affecting the judgment.

The defendant's motion was denied, and thereupon the defendant refused to take any part in the trial of the action. The plaintiffs submitted their proofs to the court and upon them the court made findings of fact and conclusions of law upon which judgment was entered in favor of the plaintiffs and against the defendant, adjudging the plaintiffs to be the owners of and entitled to the property in controversy. The defendant appeals from this judgment.

For the appellant the cause was submitted on the brief of *W. F. Bailey*.

For the respondents there was a brief by *C. C. & A. E. Coe*, and oral argument by *A. E. Coe*.

BARNES, J. 1. The judgment first entered was in form one on the merits, and we think it is quite clear that it was so in fact. *Amory v. Amory*, 26 Wis. 152; *Williams v. Hayes*, 68 Wis. 248, 32 N. W. 44; *Nat. F. & P. Works v. Oconto City W. S. Co.* 105 Wis. 48, 58, 81 N. W. 125; *Durant v. Essex Co.* 7 Wall. 107; *Swan L. & C. Co. v. Frank*, 148 U. S. 603, 13 Sup. Ct. 691. The contentions that under secs. 3084, 3086, and 3092 a judgment of nonsuit only could have been granted in this case is not correct. Sec. 3084 deals with the form of verdicts in ejectment actions and does not affect the question, because a jury was waived and the case was tried by the court. Sec. 3086 provides that the judgment shall be entered in accordance with the verdict *or decision of the court*. The judgment was entered in conformity with

the court's decision. There is nothing that can be read out of sec. 3092 prohibiting the entry of a judgment other than one of nonsuit where the plaintiff fails to establish title in an ejectment action. Nor has this court decided that the judgment here rendered was improper. On the contrary, it has decided that such a judgment may be entered. *Menominee River L. Co. v. Seidl,* 149 Wis. 316, 135 N. W. 854. The case of *Comstock v. Boyle,* 134 Wis. 613, 114 N. W. 1110, cited by the appellant as holding that the only proper judgment to render in the case before us was one of nonsuit, does not so hold. There the answer was a general denial. Defendant did not, as here, set up title in himself and ask for a dismissal of the complaint on the merits. The plaintiff failed to appear at the trial and defendant proceeded to prove his title and try the case on the merits, and took a judgment decreeing that the plaintiff had no right, title, or interest in the premises in dispute. The case was disposed of in this court on the theory that plaintiff had the right to insist that in his absence from the trial the relief granted should not be greater than that asked for in the answer, and that plaintiff by his nonappearance in effect submitted to a voluntary nonsuit. The court does not decide that, under such an answer as was here interposed, where defendant specifically sets forth his title and asks for a dismissal of the complaint on the merits, he could not have taken judgment in accordance with the prayer of the answer, upon plaintiff failing to prove his cause of action. The defendant was entitled to a judgment on the merits where the plaintiff failed to prove title, as well as he would be had he proved a paramount title in himself or established his right by adverse possession, provided the court saw fit to grant such a judgment.

2. The plaintiffs were entitled to a new trial as a matter of right, hence it was immaterial whether a notice of motion therefor was served or not. The statute did not require the court to approve of the undertaking. What is said in refer-

ence to the approval of an undertaking by the court in such a case in *Dickinson v. Smith*, 139 Wis. 1, 120 N. W. 406, must be read in connection with the facts in that case where the court did approve of the undertaking.

There is no doubt that under sec. 3092, read in connection with the statutes relating to bail on arrest therein referred to, the defendant had the right to except to the sufficiency of the sureties and to have them justify in the manner provided for in sec. 2705, Stats. We do not think that the provision of sec. 2702 relating to the service of a certified copy of the undertaking in cases of bail on arrest is applicable to actions of ejectment. The defendant, however, could not be deprived of this right to question the sufficiency of the sureties on the undertaking. In the present instance he did not take the proper steps to avail himself of it. His motion to vacate the order granting the new trial was made before the second trial of the action, and he then knew of the undertaking. His proper procedure, if he was not satisfied with the sureties, was to make his objections to them and ask that they be required to justify in the manner provided by law. In the meantime he would be entitled to an order staying proceedings in the action until the sureties had established their competency, and to an order vacating the former order if they failed to do so and other good and sufficient sureties were not substituted. Appellant insists that the order granting the new trial did not become effective until he had notice thereof and the undertaking was served upon him and he elected not to object to the sufficiency of the sureties or the court found they were sufficient if objection was made. There is no particular reason why an order for a new trial granted under sec. 3092 should not become effective when the statutory costs are paid and an undertaking filed which in form complies with the statute and the order granting the new trial. The statute provides that the new trial shall be granted on condition that certain costs be paid "and that the applicant execute and

file an undertaking, with sufficient sureties, in such sum as the court shall direct, to the effect that he will pay all costs and damages which may be finally awarded the other party." The order here made followed the statute, and we must assume that the undertaking followed the order, because no objection was made to its form at any stage of the proceeding. The sentence following the above quotation reads: "The sureties shall justify their responsibility in the same manner as bail on arrest." Such sureties are required to justify only in case objection is made to their sufficiency. Such objection may never be made. We think it is a fair construction of the statute to hold that the order granting the new trial became effective when the costs were paid and the undertaking was filed, and such is the effect of the decision in *Dickinson v. Smith,* 139 Wis. 1, 120 N. W. 406. The defendant might except to the sureties, and if they failed to justify and plaintiffs failed to furnish a new and sufficient undertaking, the defendant would be entitled to have the order vacating the judgment set aside as a matter of course.

*By the Court.*—Judgment affirmed.