**ATKINS, KROLL (GUAM), LTD.,**
Appellant,

v.

**Julio R. CABRERA, Appellee.**

No. 16205.

United States Court of Appeals
Ninth Circuit.

March 31, 1960.

Spiegel, Turner, Barrett & Ferenz, W. Scott Barrett, Lyle H. Turner, Agana, Guam, for appellant.

Charles J. Williams, Benicia, Cal., John A. Bohn, Arriola, Bohn & Gayle, Agana, Guam, for appellee.

Before ORR, HAMLEY, and HAMLIN, Circuit Judges.

HAMLEY, Circuit Judge.

Julio R. Cabrera, winner of a raffle conducted on the Island of Guam, was unable to obtain delivery of the new automobile which had been offered as the prize. He therefore brought this action to recover damages in the sum of $3,500 alleged to be the reasonable market value of the automobile. Named as defendants were Atkins, Kroll (Guam), Ltd., The American Legion, Ernie Pyle Post No. 37 (American Legion), and forty-four named individuals.

Three claims are stated in the second amended complaint. The first claim is directed against The American Legion and Ernie Pyle Post No. 37 (American Legion). The gist of this claim is that those two defendants had conducted a lottery but had refused to deliver the prize, an automobile valued at $3,500, to plaintiff who had purchased the winning ticket. The second claim is identical with the first except that it is directed against all defendants except Atkins, Kroll and The American Legion.

The third claim is directed against Atkins, Kroll alone. It is therein alleged that plaintiff was induced to purchase his winning lottery ticket in reliance upon a public display of an automobile which At-kins, Kroll had contracted to sell to Ernie Pyle Post No. 37. It is further alleged that Atkins, Kroll had given the Post possession of the automobile knowing that it was to be awarded as the lottery prize, and that the company thereafter knew that the automobile was being displayed for such purpose.

Despite this knowledge, it is alleged in the third claim, Atkins, Kroll did nothing to notify plaintiff or others that the Post was not the owner of the automobile. This act, omission, silence, and conduct of Atkins, Kroll, it is asserted, led plaintiff to purchase the lottery ticket. Upon Atkins, Kroll's failing to collect the purchase price of the automobile from the Post, plaintiff alleged, the company repossessed the automobile and refused to deliver it to plaintiff.

Pursuant to Rule 42(b), Federal Rules of Civil Procedure, 28 U.S.C.A., the trial court granted plaintiff's motion for a separate trial of the third claim. In a pretrial order thereafter entered it was recited that a separate trial of that claim had been ordered "since it is desirable that any liability of Atkins, Kroll first be determined." A trial of that claim was then had on stipulated facts. This led to entry of a judgment in the sum of $2,801.25 against Atkins, Kroll, from which judgment this appeal is taken.

At the outset we must on our own motion deal with the question of whether the judgment sought to be reviewed is a final decision within the purview of 28 U.S.C.A. § 1291, and Rule 54 (b), Federal Rules of Civil Procedure, 28 U.S.C.A. If not, and since it does not purport to be an interlocutory order, decree, or judgment appealable under 28 U.S.C.A. § 1292, we are without jurisdiction to entertain the appeal. Wynn v. Reconstruction Finance Corporation, 9 Cir., 212 F.2d 953, 955. If we are without jurisdiction, it is our duty to dismiss the appeal whether or not appellee has moved for dismissal. Burkhart v. United States, 9 Cir., 210 F.2d 602, 605.

It is provided in Rule 54(b) that when more than one claim for relief is pre-

sented in an action the court may direct the entry of a final judgment upon one or more but less than all of the claims "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

▋ The term "claim" as used in this rule means cause of action. School District No. 5 v. Lundgren, 9 Cir., 259 F.2d 101, 104. The second amended complaint, summarized above, states three such claims, only one of which is disposed of by the judgment now before us. The trial court entered an express direction for the entry of the judgment on that claim. It did not, however, enter an express determination that there is no just reason for delay.

It follows that under Rule 54(b) the judgment before us is not final unless made so by the fact that it resulted from a separate trial of that claim ordered by the court pursuant to Rule 42(b). The order for separate trial was made upon the motion of appellee and is not here objected to by appellant. In so far as the record indicates, it was entirely proper for the court to order the separate trial.

This court has previously held that however appropriate such an order for a separate trial may be it does not dispense with the requirements of Rule 54(b). In Burkhart v. United States, supra, it appeared that the United States named the owners and lessees of a certain parcel of land as defendants in a condemnation action. The trial court ordered a separate trial of the issue of whether the lessees had any interest in the property which would entitle them to compensation from the government.

The trial court in Burkhart then proceeded to try that issue and entered a judgment thereon favorable to the United States. The lessees appealed. The appeal was argued in this court on the merits, no motion having been made to dismiss the appeal. We held on our own motion that although the order for a separate trial was entirely proper the judgment entered was not final. This was true, it was held, because the "express determination" and the "express direction" called for by Rule 54(b) was not incorporated either in the order directing the separate trial or in the judgment mentioned.

▋ In our case neither the "express determination" nor the "express direction" was incorporated in the order granting a separate trial, and only the "express direction" was incorporated in the judgment. The appeal must therefore be dismissed. In the event the trial court shall see fit to make the determination and direction referred to in Rule 54 (b) and Atkins, Kroll shall again appeal, the appeal may come before us on the present briefs and record, supplemented to show subsequent proceedings in the trial court.

▋ We express no opinion as to whether the trial court should or should not enter such a determination and direction. This is a matter resting within the sound discretion of the trial court. Walter W. Johnson Co. v. Reconstruction Finance Corporation, 9 Cir., 223 F.2d 101, 103. As in the case of most discretionary matters, the action of the trial court in this regard may be set aside only upon a showing of abuse of discretion. See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436, 76 S.Ct. 895, 100 L.Ed. 1297; Panichella v. Pennsylvania Railroad Co., 3 Cir., 252 F.2d 452, 454, 456.

The appeal is dismissed.