**ATKINS, KROLL (GUAM), LTD.,**
**Appellant,**

v.

**Julio R. CABRERA, Appellee.**

**No. 17072.**

United States Court of Appeals
Ninth Circuit.

Sept. 26, 1961.

W. Scott Barrett, San Francisco, Cal., and Spiegel, Turner, Barrett & Ferenz, Agana, Guam, for appellant.

Arriola, Bohn & Gayle, and J. C. Arriola, Agana, Guam, and John A. Bohn and Charles J. Williams, Benecia, Cal., for appellee.

Before ORR, HAMLEY and HAMLIN, Circuit Judges.

HAMLEY, Circuit Judge.

Julio R. Cabrera, winner of a raffle for an automobile, was unable to obtain delivery of the prize, so brought this action for damages in the District Court of Guam.[1]   Three claims were

1. That court had jurisdiction under 48 U.S.C.A. § 1424.

stated in the second amended complaint. The first was against the American Legion and Ernie Pyle Post No. 37 (Guam) of the American Legion, which conducted the raffle. The second was against Ernie Pyle Post No. 37 and fifty "John Doe" members thereof. The third was against Atkins, Kroll (Guam), Ltd., an automobile dealer which had entered into a contract to sell an automobile to the post and had given the latter possession of the automobile for purposes of display.

It was agreed between Cabrera and Atkins, Kroll that the third claim should be tried separately and ahead of the other claims, and an order to that effect was entered. Pretrial proceedings were had with regard to that claim, leading to the entry of a pretrial order. The parties therein stipulated that this claim should be tried by the court on agreed facts set out in that order. They further agreed that the sole question before the court was as to whether Atkins, Kroll was estopped from denying that the post was authorized by Atkins, Kroll to hold itself out as the owner of the automobile so that title and possession should have been transferred to Cabrera as the holder of the winning ticket.

Concluding that on the agreed facts Atkins, Kroll is estopped from asserting its title against Cabrera, the court entered judgment for plaintiff. The company appealed.

We had jurisdiction under 28 U.S.C.A. § 1291. However, we dismissed the appeal because of partial non-compliance with Rule 54(b), Federal Rules of Civil Procedure, 28 U.S.C.A. Atkins, Kroll (Guam), Ltd. v. Cabrera, 9 Cir., 277 F.2d 922. Upon remand the district court completed compliance with Rule 54(b) by making an express determination that there was no just reason for delay in taking the appeal. The instant appeal was then taken.

The agreed facts as set out in the pretrial order may be briefly stated. Officers of Ernie Pyle Post No. 37 desired to conduct a fair and raffle, and in accordance with Guam law obtained permission for conducting such a raffle.[2] Desiring to offer a 1957 Chevrolet automobile as the grand prize at the raffle, officers of the post in March 1957 contacted Atkins, Kroll, the Chevrolet automobile dealer in Guam. The company agreed to sell such an automobile to the post, and the post agreed to buy the automobile for a purchase price of $2,801.25, which amount was the reasonable value of the automobile.

Ernie Pyle Post No. 37 made no payment upon the purchase price to Atkins, Kroll, nor did the company deliver to the post any certificate of title. The company, however, permitted the post to take possession of the automobile and to display it on a flat-bed truck at various places throughout Guam for the purpose of inducing the sale of raffle tickets. A sign accompanied the automobile, which read: "Ernie Pyle Post No. 37, Fourth Annual Fair and Raffle, Grand Prize, 1957 4-Door Chevrolet."

Cabrera purchased raffle ticket No. 08126 for the sum of one dollar. He had no knowledge that title to the automobile had not been transferred from Atkins, Kroll to the post. The raffle was held about June 1, 1957, and Cabrera was the holder of the winning ticket.

After the raffle Atkins, Kroll demanded possession of the automobile from the post, or payment therefor. Payment was not made and the company took possession of the automobile. Cabrera made demand upon the post for possession of the automobile, but since it had been repossessed the post could not honor the demand. Cabrera then made demand upon Atkins, Kroll for possession of the automobile, but the company refused the demand and likewise refused to pay Cabrera the reasonable value of the car.

On this appeal the company advances several arguments for reversal. One of

2. This was done pursuant to Guam Penal Code §§ 324, 325, which provide that when approved by the governor a lottery may be held for "a charitable or worthy public cause," in which event the penal provisions making it a misdemeanor to conduct a lottery do not apply.

these is that under the stipulated facts it is not shown that Cabrera relied upon any conduct by Atkins, Kroll, and that without such a showing an equitable estoppel, which is the basis of the claim, was not established.

Cabrera concedes, as of course he must, that reliance is an essential element of equitable estoppel. The doctrine of estoppel is provided for and governed by Guam Code of Civil Procedure, § 1962 subd. 3, which was taken from and is identical with California Code of Civil Procedure, § 1962, subd. 3.[3] As therein stated, it must be shown that the person claiming the estoppel was led to believe a particular thing true and that he acted on such belief. Making reference to the identical California statute, the court in Benson v. Andrews, 138 Cal.App.2d 123, 292 P.2d 39, 48, listed the four principal elements of equitable estoppel, the fourth element being that the party claiming the estoppel "must rely upon that conduct to his prejudice or injury."

Cabrera argues, however, that the conclusion that he purchased the raffle ticket in reliance upon the acts of Atkins, Kroll is warranted in view of the agreed facts recited above.[4]

We disagree. Reliance is a question of fact. There is no agreed fact to the effect that Cabrera relied upon any act by Atkins, Kroll. Nor is there any agreed fact from which reliance reasonably could be inferred. The company gave the post possession of the automobile for purposes of display in connection with the raffle, and it was so displayed. But it was not stipulated that Cabrera had ever seen the displayed car prior to the time he purchased the ticket, or that he had been told prior thereto that such a car was on display. The fact that after the drawing Cabrera made demand upon the post and Atkins, Kroll for possession of the car has no tendency to show that in purchasing the ticket he relied upon any act by the company.

Cabrera makes reference in his brief to a statement contained in his deposition to the effect that he saw the automobile displayed at several places on the island. This, however, is not one of the agreed facts and may not be taken into consideration. But even if it were considered it would be to no avail, since Cabrera did not state in his deposition that he saw the automobile before he purchased his ticket or that he relied upon any act by the company in making the purchase.

We conclude that under the agreed facts there was not shown to be present the element of reliance essential in establishing equitable estoppel. The judgment based solely on that theory therefore cannot stand. It is not necessary for us to consider appellant's additional contentions.[5]

The judgment is reversed.

3. Guam Code of Civil Procedure, § 1962, subd. 3 reads as follows:
"Whenever a party has, by his own declaration, act, or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act, or omission, be permitted to falsify it."

4. The trial court actually entered no finding or conclusion to the effect that Cabrera purchased his raffle ticket in reliance upon any act by the company.

5. These additional contentions include the following: (1) The winner of a raffle, even when the raffle is conducted legally, has no judicially enforceable remedy; (2) the doctrine of equitable estoppel is applied only as between two equally innocent parties who have parted with approximately equal value, which is not the fact here; (3) equitable estoppel may operate as a shield but never as a sword to create a new right or give a cause of action; and (4) in a title registration jurisdiction such as Guam, mere possession alone without a transfer of some indicia of ownership is insufficient to estop the true owner as against a bona fide purchaser.