**AMERICAN MORTGAGE CORPORA-TION, Plaintiff,**

v.

**FIRST NATIONAL MORTGAGE COM-PANY, a Corporation, Joseph Stein, and Leonard B. Stallman, Defendants,**

and

**Harris Trust and Savings Bank, Capitol Bank of Chicago, and United of America Bank, Garnishee-Defendants.**

**Leonard B. STALLMAN, Counter-Plaintiff,**

v.

**AMERICAN MORTGAGE CORPORA-TION, Counter-Defendant.**

**No. 14689.**

United States Court of Appeals
Seventh Circuit.

Feb. 1, 1965.

Rehearing Denied May 10, 1965.

Earl G. Schneider, Chicago, Ill., Norman Miller, Michael R. Galasso, Chicago, Ill., Miller, Schneider & Galasso, Chicago Ill., of counsel, for appellants.

Melvin B. Lewis, and Howard W. Minn, Chicago, Ill., for appellee.

Before CASTLE and KILEY, Circuit Judges, and MERCER, District Judge.

MERCER, District Judge.

Plaintiff by its complaint alleged that First National Mortgage Company, alleged to be a corporation, through its agents, had obtained sums of money from plaintiff through false representations and fraud. The complaint prayed an at-

tachment of bank accounts of First National at the three defendant banks. Attachment under the Illinois statute was ordered, *ex parte,* pursuant to the prayer of the complaint. Ill.Rev.Stat.1963, c. 11, § 1 et seq.

■ Defendant, Leonard B. Stallman, entered his appearance in the cause, averring that First National was not a corporation, but was wholly owned by him. He moved to dismiss the attachment. On May 4, 1964, a memorandum order was entered by the trial judge finding that the attachment was providently issued, denying Stallman's motion to dismiss, directing pre-trial discovery and setting the cause for a pre-trial conference. This appeal was then taken by the defendants, Stallman, individually and doing business as First National Mortgage Company, and Joseph Stein.[1]

Plaintiff filed a motion to dismiss the appeal upon the ground, *inter alia,* that there is no final judgment in the cause from which an appeal can be taken. On October 12, 1964, we ordered that that motion be heard with the appeal on the merits.

After argument upon the motion and the appeal, and after due consideration of the record and the applicable authorities, we are convinced that the motion must be granted and the appeal dismissed.

The order sought to be appealed is not a final judgment to which appellate jurisdiction attaches under 28 U.S.C. § 1291, and the order is not of the type interlocutory orders for which interlocutory appeals are permitted.[2]

■ The principle that piecemeal appeals will not be entertained and that the appeals courts jealously guard their jurisdiction against the imposition of such attempted appeals is so well settled that only a reference to some representative decisions is necessary. E. g., Andrews v. United States, 373 U.S. 334, 339–340, 83 S.Ct. 1236, 10 L.Ed.2d 383; Columbia Broadcasting System v. Amana Refrigeration, Inc., 7 Cir., 271 F.2d 257, 259; Packard Motor Car Co. v. Gem Mfg. Co., 7 Cir., 187 F.2d 65, 66; Winsor v. Daumit, 7 Cir., 179 F.2d 475, 476, 478; Solomon v. Bruchhausen, 2 Cir., 305 F.2d 941, 943.

■■ Defendants argue that an attachment should be treated as a temporary injunction, and that an appeal is proper in this instance by analogy to the temporary injunction situation. They also suggest that an order denying dismissal of an attachment is appealable under the provisions of the Illinois attachment statute. Both arguments are completely specious. The distinction between attachments and injunctions has been so long recognized that we are convinced that Congress would have provided for interlocutory appeals in cases such as this had it deemed such appeals desirable. The argument based upon the Illinois statute is amply answered by the decision in Smith v. Hodge, 13 Ill.2d 197, 199–200, 148 N.E.2d 793, which held that an interlocutory order in an attachment suit could not be appealed prior to a final decision on the merits of the case.

For the reasons stated the appeal is dismissed.

*Appeal dismissed.*

---

1. Stein is alleged by the complaint to have represented himself to be the chief operating officer of First National Mortgage Company.

2. "The courts of appeals shall have jurisdiction of appeals from:
   "(1) Interlocutory orders of the district courts of the United States, * * * granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;

   "(2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;
   "(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed;
   "(4) Judgments in civil actions for patent infringement which are final except for accounting." 28 U.S.C. § 1292.