474 F.2d 743
 FINANCIAL SERVICES, INC., Plaintiff-Appellant,
v.
Thomas E. FERRANDINA, Individually and as United States
Marshal for the Southern District of New York,
Defendant-Appellee, and CT/East, Inc.,
Intervenor Defendant-Appellee.
 No. 72-2232.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 1, 1973.
Decided Feb. 27, 1973.
 
 William A. Fenwick, New York City (Cleary, Gottlieb, Steen & Hamilton, George Weisz, New York City, on the brief), for plaintiff-appellant.
 Michael E. Schoeman, New York City (Williamson & Schoeman, New York City, on the brief), for intervenor-defendant-appellee.
 Gerald A. Rosenberg, Asst. U. S. Atty., S. D. New York, for defendant-appellee.
 Before ANDERSON, FEINBERG and MULLIGAN, Circuit Judges.
 FEINBERG, Circuit Judge:
 
 
 1
 This "appeal" by Financial Services, Inc. (FSI) had its genesis in an action, brought against it by CT/East in New York Supreme Court, seeking damages for alleged breach of a service contract and for wrongful retention of equipment belonging to CT/East. In September 1971, FSI removed that action ("the first action") to the United States District Court for the Southern District of New York. 28 U.S.C. Sec. 1441. In its answer, FSI generally denied the allegations of the complaint and set up certain counterclaims. In April 1972, CT/East applied to the late Judge McLean for an order of attachment under Article 62 of the New York Civil Practice Law and Rules ("New York C.P.L.R."), available to federal plaintiffs under Fed.R.Civ.P. 64. The order issued ex parte as authorized by New York law and provided for attachment of FSI's assets within New York (principally, we are informed, accounts receivable) up to $599,468.03. Under New York law attachment was appropriate, as FSI is a foreign corporation organized under the laws of New Jersey.[1] On April 24, 1972, FSI moved to vacate the attachment and, pending decision on the motion, applied for a temporary restraining order enjoining CT/East from enforcing the attachment order by delivering the writ to the United States Marshal for service. The application for the temporary restraining order came before Judge McLean. We are told by counsel that both parties argued the merits of the application before the judge, who then denied the temporary relief sought, apparently without opinion.
 
 
 2
 FSI's motion to vacate the attachment was then heard on May 2 in the motion part of the district court by Judge Lasker. The principal grounds for the motion were that the attachment had been fraudulently obtained and that it was unnecessary to CT/East's security. In the course of a 21-page legal memorandum, FSI also devoted 12 lines to "the questionable constitutional nature" of an attachment order procured ex parte. During oral argument of the motion, Judge Lasker asked FSI whether it claimed that the attachment statute was unconstitutional; he pointed out that, if so, a three-judge court, with consequent delay, might be necessary.[2] According to the record, counsel for FSI, mindful of the delay that consideration of the constitutional issue might cause and of two relevant cases pending before the Supreme Court, and later decided in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), then informed the court that he "would raise the constitutional question in the proper forum where the United States Marshal was a party." Understandably, Judge Lasker's memorandum decision of May 8, 1972 made no mention of the constitutional issue. The judge declined to vacate the attachment, but ordered that CT/East's undertaking[3] be increased from $60,000 to $250,000.
 
 
 3
 Five weeks later, the Supreme Court issued its opinion in Fuentes, holding invalid on due process grounds Florida and Pennsylvania replevin statutes which allowed chattels to be taken from the possessor without affording him a prior opportunity to be heard. Thereafter, FSI sought to reargue the motion to vacate before Judge Lasker on due process grounds. Counsel claims he was informally told that reargument would be improper;[4] he therefore brought instead a new motion to vacate, which came on before Judge Frankel on July 25, 1972. On August 1, Judge Frankel denied the motion, without reaching the constitutional merits of the "unquestionably grim attachment procedure." Judge Frankel observed that he was the third judge to consider the disputed order of attachment, that the constitutional issue had been noted by Judge Lasker with counsel for FSI expressing "a preference to postpone the due process contention for some other day," that no new facts had been presented, and that "added arguments on the same facts 'postponed' or saved up for another day and another judge" were not enough to justify relitigation of the matter.
 
 
 4
 Undaunted, FSI took another tack. On September 11, 1972, it brought a separate action ("the second action") in the district court against the United States Marshal as sole defendant, seeking an order requiring him to return to FSI all sums already collected under the attachment and enjoining him from serving a writ on any further customers of FSI or from collecting any more funds under the order. One of the bases of the second action was again a lack of due process; this was joined with a new constitutional claim that the attachment statute, by permitting seizure of property on the sole basis of foreign corporate citizenship, also violates the equal protection clause. The second action was assigned to Judge Tenney under the individual calendar system, which had gone into effect in the Southern District.[5] Judge Tenney permitted CT/East to intervene in the second action as a real party in interest,[6] and in an opinion dated October 6, 1972, 59 F.R.D. 1 the judge denied FSI's motion for preliminary injunctive relief. Regarding the second action as "in effect a third motion to vacate" the attachment, Judge Tenney primarily reasoned that failure to raise the equal protection claim at an earlier date foreclosed present consideration and that attempted litigation of the due process claim for the third time was improper. From this order, FSI appeals.
 
 
 5
 The first, and ultimately dispositive, issue before us is whether we have jurisdiction over the appeal from Judge Tenney's order. FSI argues that jurisdiction lies under 28 U.S.C. Sec. 1292(a)(1), which allows appeals from interlocutory orders of the district court "refusing . . . injunctions. . . ." While the relief denied was injunctive in form, Judge Tenney believed, and CT/East argues to us, that the injunction sought in the second action was no more than a motion to vacate the attachment in the first action by another name. On these facts, there is little doubt that this is so. The second action seeks to prevent any further use of the order of attachment obtained in the first. Moreover, the relief sought includes repayment of any sums already collected under that order.
 
 
 6
 We have held that denials of motions to vacate attachments are not appealable under the collateral order gloss, see Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), on the "final decision" requirement of 28 U.S.C. Sec. 1291. West v. Zurhorst, 425 F.2d 919 (2d Cir. 1970); see Flegenheimer v. General Mills, Inc., 191 F.2d 237 (2d Cir. 1951). Were we to permit this appeal under section 1292(a)(1) on these facts, we would sanction wholesale circumvention of the salutary rule of nonappealability reaffirmed in West. So long as subject matter and personal jurisdiction are proper, any defendant whose assets had been attached and who had unsuccessfully moved in federal court to vacate the attachment could readily commence a second, nominally separate, action against the marshal seeking to enjoin collection of revenues under an outstanding writ of attachment; and from any denial of preliminary injunctive relief, such a defendant would always have an appeal. Rules of finality may not be so easily altered, cf. Fleischer v. Phillips, 264 F.2d 515, 516 (2d Cir.), cert. denied, 359 U.S. 1002, 79 S.Ct. 1139, 3 L.Ed.2d 1030 (1959); International Products Corp. v. Koons, 325 F.2d 403, 406-407 (2d Cir. 1963). In other words, so far as we are concerned, the first and second actions are identical in purpose and anticipated effect and on these unusual facts should be treated on the issue of appealability as though they were the same; no appeal under 28 U.S.C. Sec. 1291 or Sec. 1292 will lie in either from an order refusing to vacate the attachment.
 
 
 7
 We do not say that we would never be free to consider the validity of an attachment attacked on constitutional grounds, even though the underlying action was not yet final. Under unusual or compelling circumstances, mandamus may be an appropriate vehicle for interlocutory review.[7] The constitutionality of New York's attachment statute is important to present and future civil litigants not only in New York state courts but also in the four district courts in this circuit where New York's attachment remedy may be utilized. The due process question takes on even more urgency and substance in the wake of growing Supreme Court concern with prejudgment seizures of property, manifested in recent cases.[8] The constitutional claim sought to be raised is plainly substantial and merits full and careful consideration in the district court when raised in proper and timely fashion.[9] It is true that we have recently denied two petitions for writs of mandamus seeking review of refusals to vacate an attachment where a similar constitutional claim was made.[10] But the recurrence of the issue in mandamus petitions emphasizes rather than diminishes its importance. However, we are persuaded not to consider such extraordinary relief[11] by the facts of this case, in which FSI, for reasons of its own, put off to another day its constitutional claims, whereupon two district judges permissibly held, in effect, that FSI's time for pressing those claims had passed.
 
 
 8
 Appeal dismissed.
 
 
 
 [1]
 New York C.P.L.R. Sec. 6201(1) (McKinney 1963)
 
 
 [2]
 Whether a three-judge court was required would have raised difficult issues. E. g., was the relief sought injunctive, see Kennedy v. Mendoza-Martinez, 372 U.S. 144, 154-155, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963)? If so, would it restrain the action of any "officer" of a "State" in the enforcement or execution of a state statute, 28 U.S.C. Sec. 2281, when the "officer" to be restrained was the United States Marshal?
 
 
 [3]
 New York C.P.L.R. Sec. 6212(b)
 
 
 [4]
 The local rules provided that a motion for reargument be brought within ten days. Rules of the United States District Courts for the Southern and Eastern Districts of New York, General Rule 9(m)
 
 
 [5]
 We are told that the first action has also been assigned to Judge Tenney, and that it is scheduled to be tried in June
 
 
 [6]
 The Assistant United States Attorney, representing the nominal defendant United States Marshal, informed the Attorney General of New York of the pending action. The state entered no appearance below. Should the issue of unconstitutionality of the attachment statute be raised again in the district court, it would be appropriate for the district court to invite the Attorney General to submit a brief, whether in a three-judge, see 28 U.S.C. Sec. 2284, or single-judge, proceeding. Cf. by analogy 28 U.S.C. Sec. 2403. We have no doubt that the Attorney General would respond
 
 
 [7]
 See Schlagenhauf v. Holder, 379 U.S. 104, 110-111, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); La Buy v. Howes Leather Co., 352 U.S. 249, 256, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957). Professors Moore and Ward believe that "[w]ith respect to the demands of justice made by individual cases, it seems clear that discretionary review by mandamus is to be preferred to enlarging by judicial interpretation the categories of interlocutory orders that are appealable of right." 9 Moore's Federal Practice p 110.26, at 286 (2d ed. 1972)
 
 
 [8]
 Fuentes v. Shevin, supra; Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969)
 
 
 [9]
 See Schneider v. Margossian, 349 F.Supp. 741 (D.Mass.1972) (Massachusetts prejudgment attachment procedure invalidated by three-judge court). Cf. Lynch v. Household Finance Corp., Civil Action 13,737 (D.Conn. Jan. 12, 1973) (Connecticut garnishment procedure invalidated by three-judge court), on remand from 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), rev'g on other grounds 318 F.Supp. 1111 (D.Conn.1970)
 
 
 [10]
 Piano v. Brieant, 469 F.2d 1404 (1972); Republic of Chile v. United States District Court for the Southern District of New York, Dkt. No. 72-2119 (Oct. 17, 1972), petition for rehearing en banc denied (Jan. 8, 1973)
 
 
 [11]
 Cf. Lebowitz v. Forbes Leasing and Finance Corp., 456 F.2d 979 (3d Cir.), cert. denied, 409 U.S. 843, 93 S.Ct. 42, 34 L.Ed.2d 82 (1972) (jurisdiction under 28 U.S.C. Sec. 1292(b) over appeal from order refusing to quash attachment)