**UNITED STATES of America**

**v.**

**ESTATE of Claude Beresford PEARCE, Appellant, et al.**

**No. 73–1012.**

United States Court of Appeals, Third Circuit.

Argued Sept. 17, 1973.

Reconsidered without oral argument April 11, 1974.

Decided on May 31, 1974.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, William A. Friedlander, William M. Brown, Tax Div., Dept. of Justice, Washington, D. C., for appellee; Norman E. Levine, of counsel.

Bruce M. Stargatt, Ben T. Castle, Young, Conaway, Stargatt & Taylor, Wilmington, Del., for appellant; Robert H. Kapp, Hogan & Hartson, Washington, D. C., of counsel.

Before KALODNER, ALDISERT and GARTH, Circuit Judges.

Reconsidered April 11, 1974 without oral argument.

Before SEITZ, Chief Judge, and KALODNER, VAN DUSEN, ALDISERT, ADAMS, GIBBONS, ROSENN, HUNTER, WEIS and GARTH, Circuit Judges.

## OPINION OF THE COURT

GARTH, Circuit Judge.

The sole issue with which we deal here is: is the denial of a motion to quash a sequestration order (issued in accordance with 10 Del.C. § 366 [1]) appealable

1. 10 Del.C. § 366 provides in part that:

   "(a) If it appears in any complaint filed in the Court of Chancery that the defendant or any one or more of the defendants is a non-resident of the State of Delaware, the Court may make an order directing such non-resident defendant or defendants to appear by a day certain to be designated. Such order shall be served on such non-resident defendant or defendants by mail or otherwise, if practicable, and shall be published in such manner as the Court directs, not less than once a week for three

under 28 U.S.C. § 1291 [2] as an appeal of a "final order"? We hold that an order denying such relief is not final and accordingly dismiss the appeal and remand to the district court for further proceedings.

## I.

Litigation giving rise to this appeal commenced with a complaint filed by the United States (Plaintiff-Appellee) seeking among other relief a judgment against the Estate of Pearce:

(a) for unpaid estate taxes and interest in the amount of $268,876.18;

(b) for a lien on all property of the estate, including some 27,200 shares of common stock of United States Steel Corporation ("U.S.S.");

(c) *for an order pursuant to 10 Del.C. § 366 authorizing sequestration and seizure of the Estate's property in Delaware, (including the U.S.S. stock) and appointing a Sequestrator.*

On April 30, 1971 the district court entered an order appointing a Seques-

trator and ordering sequestration of the Estate's property in Delaware, including the U.S.S. shares. Thereafter the Estate moved to quash the order of sequestration. That motion asserted, *inter alia*, that the stock was not subject to sequestration by reason of the proceedings in Canada; that both Canada and the Province of Ontario have interests in and claims upon the stock; that the defendant "Estate of Claude Beresford Pearce" is not a proper defendant; and that the sequestration was defective because the non-residence of the named defendant was not alleged in the complaint as required by the Delaware statute.

On September 14, 1972 the district court filed an opinion [3] and entered an order denying the Estate's motion to quash the April 30, 1971 order of sequestration. Thereafter the Estate moved for an order of certification [interlocutory appeal] under 28 U.S.C. § 1292(b), which motion was denied by the district court. This appeal by the Estate, asserting jurisdiction under 28 U.S.C. § 1291, followed.[4]

2. 28 U.S.C. § 1291 provides in part that:

    "The Courts of Appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States. . . ."

3. We do not reach the other contentions of the parties (particularly those concerned with the adequacy of the complaint, its amendment and related arguments) by reason of our conclusion that the appeal must be dismissed. These issues and the facts upon which they are predicated are discussed in the District Court opinion found at 347 F.Supp. 1129 (Del.1971).

4. The United States moved to dismiss the appeal for lack of jurisdiction asserting that the order of September 14, 1972 was not a "final decision" as required by 28 U.S.C. § 1291. That motion was denied by another panel of this court on January 18, 1973. In light of that action, when the issue of appealability again surfaced at the oral argument on the merits, we listed that issue for rehearing by the court in banc. We regard it as our obligation to determine the threshold question of appealability, and hence, jurisdiction, whenever it may be presented or recognized. Atkins, Kroll (Guam) Ltd. v. Cabrera, 277 F.2d 922 (9th Cir. 1960);

consecutive weeks. The Court may compel the appearance of the defendant by the seizure of all or any part of his property, which property may be sold under the order of the Court to pay the demand of the plaintiff, if the defendant does not appear, or otherwise defaults. Any defendant whose property shall have been so seized and who shall have entered a general appearance in the cause may, upon notice to the plaintiff, petition the Court for an order releasing such property or any part thereof from the seizure. The Court shall release such property unless the plaintiff shall satisfy the Court that because of other circumstances there is a reasonable possibility that such release may render it substantially less likely that plaintiff will obtain satisfaction of any judgment secured. If such petition shall not be granted, or if no such petition shall be filed, such property shall remain subject to seizure and may be sold to satisfy any judgment entered in the cause. The Court may at any time release such property or any part thereof upon the giving of sufficient security."

The Delaware sequestration procedure is made applicable to federal proceedings by Rules 4(e)(2) and 64 of the Federal Rules of Civil Procedure.

## II.

Under 28 U.S.C. § 1291 "finality" is a prerequisite to appeal. This general rule, however, has been subject to certain qualifications and limitations. *See* Forgay v. Conrad, 47 (6 How.) U.S. 201, 202–203, 12 L.Ed. 404 (1848); Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); 9 Moore's Federal Practice ¶ 110.08.

Our analysis of the "final" quality of a Delaware sequestration order (sustaining sequestration) requires us to look at the similar provisional remedy of attachment, inasmuch as the Delaware courts have held that the Delaware sequestration remedy is analogous to foreign attachment at law. Sands v. Lefcourt Realty Company, 35 Del.Ch. 340, 117 A. 2d 365 (1955); Greene v. Johnston, 99 A.2d 627, 34 Del.Ch. 115 (1953); Wife, J.B.G. v. Husband, P.J.G., 286 A.2d 256 (Del.Ch., 1971) aff'd sub nom. Garretson v. Garretson, 306 A.2d 737 (Del.S. Ct., 1973).

Orders granting or denying attachment are ordinarily interlocutory and non-appealable, 9 Moore's Federal Practice ¶ 110.13[5]. The Estate urges upon us, however, that Cohen v. Beneficial Industrial Loan Corporation, *supra*, which upheld the appealability in a diversity action of an order requiring a plaintiff to post security for costs as a predicate to maintaining a stockholders derivative action, imparts that degree of "finality" to the September 14, 1972 order as would permit jurisdiction to attach. We cannot agree.

Mr. Justice Frankfurter, in discussing *Cohen*, *supra*, contrasted appellate review of an order *dissolving* attachment with appellate review where attachment is *upheld*. "Appellate review of the order dissolving the attachment at a later date would be an empty rite after the vessel had been released and the restoration of the attachment only theoretically possible . . . . The situation is quite different where an attachment is upheld pending determination of the principal claim. Such was Cushing v. Laird, 107, U.S. 69, 2 S.Ct. 196, 27 L.Ed. 391, which is urged on us. In such a situation the rights of all the parties can be adequately protected while the litigation on the main claim proceeds." Swift & Co. Packers v. Compania Colombiana del Caribe S.A., 339 U.S. 684 at 689, 70 S. Ct. 861 at 865, 94 L.Ed. 1206 (1950) (dictum). The Supreme Court in that case found "finality" in the former instance (i. e., where the attachment was dissolved) and denied it in the latter (where the attachment was upheld).

In Borden Company v. Sylk, 410 F.2d 843 (3d Cir. 1969) (while admittedly dealing with matters of discovery held ultimately to be non-collateral), Judge Aldisert of this court had the occasion to comment on the *Cohen* doctrine as follows: "We have detected what appears to be an irresistible impulse on the part of appellants to invoke the 'collateral order' doctrine whenever the question of appealability arises. Were we to accept even a small percentage of these sometime exotic invocations, this court would undoubtedly find itself reviewing more 'collateral' than 'final' orders." 410 F.2d at 845–846. Further, "every interlocutory order involves, to some degree, a potential loss. That risk, however, must be balanced against the need for efficient federal judicial administration as evidenced by the Congressional prohibition of piecemeal appellate litigation. . . ." 410 F.2d at 846.

Reference was had to these same principles in West v. Zurhorst, 425 F.2d 919 (2d Cir. 1970). Judge Friendly, writing for the Second Circuit, held that a lower court order refusing to vacate an attachment was not appealable as a final decision. Finding no authority in 28 U.S.C. § 1291 for such an appeal, Judge Friendly went on to discuss the ". . . [non-] desirability of an expansive reading of Cohen [v. Beneficial

United States v. Baehner, 309 F.2d 154, 155 (2d Cir. 1962); *See also* United States v.

Corrick, 298 U.S. 435, 440, 56 S.Ct. 829, 80 L.Ed. 1263 (1935).

Industrial Loan Corporation, *supra*]. . . . While the grievance created by an improper attachment *pendente lite* is 'important', 337 U.S. at 546, 69 S.Ct. 1221, 93 L.Ed. 1528 it is not important enough to make the decision 'final'." 425 F.2d at 921.[5] More recently the Second Circuit has reaffirmed this principle of non-appealability where a preliminary injunction to restrain the enforcement of an order of attachment was denied. Judge Feinberg writing for the court held that such an action was no more than an attempt to vacate an order of attachment and hence, dismissed the appeal despite the surface appearance of an injunctive proceeding. Financial Services, Inc. v. Ferrandina, 474 F.2d 743 (2d Cir. 1973).

The United States has suggested that we ignore the non-appealability of the September 14, 1972 order and proceed to the merits. *See* Gillespie v. U. S. Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L. Ed.2d 199 (1964). This suggestion, commendable though it may be from the litigants' standpoint, overlooks our displeasure with piecemeal litigation as articulated in Borden Company v. Sylk, *supra*.

Here the rights of the parties are still to be adjudicated. The defendant Estate has not conceded, and the United States must still prove, the tax claim, both as to liability and as to amount. Whether or not Canada or Ontario, or both, may file proceedings seeking to intervene is still an open question. In essence, all that has happened to date is that shares of stock have been seized. An order refusing to vacate that action is not final for purposes of appeal.

Appeal dismissed for want of jurisdiction.

GIBBONS, Circuit Judge (dissenting):

I agree with the majority that the order appealed from is not appealable as a final order under 28 U.S.C. § 1291. But it is, in my view, appealable under 28 U.S.C. § 1292(a), since it is functionally identical with an injunction against transfer or the appointment of a pendente lite receiver.

In the complaint the United States seeks to foreclose a tax lien on securities and seeks no other relief. The assessment giving rise to the alleged lien became final long ago. If the defendant appears in personam there is at least a question whether a defense going to the validity or amount of the assessment may be asserted. *See* United States v. O'Connor, 291 F.2d 520, 526–28 (2d Cir. 1961) overruling Pipola v. Chicco, 274 F.2d 909 (2d Cir. 1960); *cf.* Quinn v. Hook, 231 F.Supp. 718 (E.D.Pa.1964), aff'd per curiam, 341 F.2d 920 (3d Cir. 1965); Cooper Agency, Inc. v. McLeod, 235 F.Supp. 276, 284 (E.D.S.C.1964), aff'd per curiam, 348 F.2d 919 (4th Cir. 1965). No general appearance has been made to date. The assessment is presumptively valid. Since the market value of the stock is less than the assessment, there may well be a default. Thus the only determination likely to be made in the litigation is that the federal lien attaches to the sequestered securities ahead of other lien claims and can be foreclosed in Delaware. The dispute is over priority of liens. The action is in rem rather than quasi in rem since its sole object is foreclosure of an alleged lien.

The lien of the United States for unpaid estate taxes is a creature of federal law. 26 U.S.C. § 6324. Unlike the income tax lien, 26 U.S.C. § 6323, the estate tax lien is effective without the filing of notice from the date of the decedent's death even against subsequent purchasers. Detroit Bank v. United States, 317 U.S. 329, 63 S.Ct. 297, 87 L. Ed. 304 (1942); Michigan v. United States, 317 U.S. 338, 63 S.Ct. 302, 87 L.Ed. 312 (1942). The Internal Reve-

5. The Seventh Circuit has also held that a refusal to vacate attachment is a non-final judgment. American Mortgage Corp. v. First National Mortgage Co., 345 F.2d 527 (7th Cir. 1965).

nue Code, 26 U.S.C. § 2104(a), defines shares of stock of a domestic corporation owned and held by a nonresident not a citizen as property within the United States. The Code does not with respect to estate tax say where in the United States is the situs of such shares.[1] But Article II(f) of the Convention Between the United States of America and Canada for the Avoidance of Double Taxation on the Estate of Deceased Persons, February 17, 1961, 13 U.S. Treaties 382, establishes the situs of such shares at the place of incorporation of the issuer. Thus venue in the foreclosure action, brought pursuant to 26 U.S.C. § 7403, was properly in Delaware.

But calling the order a "sequestration" order, as if this were merely an in personam action and an effort to compel a general appearance, is an oversimplification. A general appearance is not only unlikely, but the government really does not seek one. As the district court said:

"To prevent a transfer of the U.S. Steel stock from the Estate's name, the United States concurrently moved for, and was granted, a sequestration order by this Court under authority of 10 Del.C. § 366." United States v. Sinclair, 347 F.Supp. 1129, 1133 (D. Del.1972) (emphasis added).

If the United States had, on the authority of 26 U.S.C. § 7403(d), obtained the appointment of a receiver, the order would be appealable under 28 U.S.C. § 1292(a)(2). See United States v. O'Connor, supra, 291 F.2d at 523. If the court had called the order an injunction against transfer it would be appealable under 28 U.S.C. § 1292(a)(1). An order which to me looks, feels, and smells like pendente lite relief in the nature of a receivership or an injunction in aid of foreclosure should be appealable as such regardless of the labels Delaware State practice would attach to it. I would reach the merits of the appel-

lant's allegation respecting the conflicting claims of the United States and Canadian taxing authorities. Otherwise, if there is no general appearance, the possibility of relitigation in another forum respecting situs of the stock will remain. See United States v. First National City Bank, 379 U.S. 378, 85 S.Ct. 528, 13 L. Ed.2d 365 (1965).

---

1. *Compare* § 2104(a) *with* 26 U.S.C. § 6323(f)(2) dealing with situs of securities for other tax purposes.