James J. MATTHEWS, Plaintiff-Appellee,

v.

IMC MINT CORPORATION, a Utah Corporation, et al., Defendants,

Middle East Metals, Ltd., Intervenor-Appellant.

No. 75–1153.

United States Court of Appeals, Tenth Circuit.

Sept. 29, 1976.

William G. Gibbs, Salt Lake City, Utah (Clyde & Pratt, Salt Lake City, Utah, on the brief), for intervenor-appellant.

Henry St. John Fitzgerald, Arlington, Va., for plaintiff-appellee.

Before HOLLOWAY, McWILLIAMS and DOYLE, Circuit Judges.

HOLLOWAY, Circuit Judge.

Plaintiff-appellee Matthews filed this suit against IMC Mint Corporation, Robert Grabar and other defendants on a claim of fraud in connection with the sale of allegedly bogus debentures and nonexistent silver bullion. Pursuant to Rule 64 F.R.Civ.P., and Utah Rule of Civil Procedure 64C(a), the plaintiff obtained a writ of attachment under which 15 containers of silver allegedly belonging to one or more defendants were seized. A motion to quash the attachment was made by intervenor-appellant, Middle East Metals, Ltd., (Middle East) which claimed title to the silver. The motion was denied, with leave to renew, and this appeal followed. We agree with the plaintiff-appellee that the order is non-appealable and dismiss the appeal.

The basic facts and conflicting claims are contained in the affidavits filed in support of and in opposition to the motion to quash the attachment. They may be summarized briefly as follows:

In 1968 Robert Grabar and his wife, Lela Osborn Grabar (hereafter Lela Osborn), formed the International Silver Mint Corporation, a Nevada corporation, which was involved in buying and selling raw silver, silver bars and silver coins. The Grabars were divorced in 1973 and the Utah decree purported to effect a liquidation of International Silver Mint Corporation and a division of its assets. Shortly after the divorce, Mr. Grabar formed the IMC Mint Corporation, which is a defendant in this action.[1]

In October, 1974, the marshal attached property in a storage vault outside of Salt Lake City under the writ. However he arrived too late to attach the 15 containers of silver, valued at about $230,000. The plaintiff Matthews alleged that this silver belonged to defendant Robert Grabar or other defendants. However, it had been in the possession of Lela Osborn, who had contracted for its storage. Before it could be attached the silver had been released to Eunice Nolan, Lela Osborn's sister and secretary-treasurer of Intermint, and to Sam Nolan, Eunice's husband.

The marshal subsequently attached the silver in a pickup truck outside the Nolans' residence. The attachment was challenged by Middle East Metals, Ltd., a California company, which later intervened in this action. Middle East claimed that it had purchased the silver from Lela Osborn by a contract made in August, 1974, and that before the attachment it had obtained possession of the silver through its agent and employee, Sam Nolan, who had possession at the time of the attachment.

These claims by Middle East and Lela Osborn were made in connection with their challenge to the attachment. They filed a notice of claim to the silver, an exception to surety posted pursuant to the writ of attachment,[2] and a motion to quash the writ, together with a supporting affidavit alleging that the silver was the property of Lela Osborn and/or Middle East.

The district court held hearings on the motion to quash. At that time the attorney who had appeared for Lela Osborn and Middle East withdrew. New counsel appeared for Middle East alone and filed a motion to intervene, which was granted.

On the basis of argument and the several affidavits filed by the parties, the court denied the motion to quash the writ of attachment on the ground that Middle East had not shown title to the silver. The court's order stated that the ownership of

1. Just prior to the 1973 divorce, Mr. Grabar had formed a Utah corporation, International Mint Corporation, and Mrs. Grabar had organized the Intermint Corporation, a Nevada corporation. These companies and the IMC Mint Corporation carried on the same activities that were previously conducted by International Silver Mint Corporation.

2. An "Undertaking of Attachment by Surety Company" of The Travelers Indemnity Company in the principal sum of $10,000 was filed in the action.

the silver was dispositive of the motion to quash and that the question of title was a collateral matter that must be determined apart from the original proceedings before the court. The order further stated that if the court had jurisdiction to determine ownership, it would be necessary for the intervenor (Middle East) to come forward with factual proof of a good chain of title to the property. The intervenor's motion to quash the writ of attachment was denied "with leave to renew" (R. Vol. II, 98).

■ Appellant Middle East seeks to present three issues for our review: (1) that the attachment of the silver without notice or a hearing violated the Due Process Clause of the Fourteenth Amendment; (2) that the trial court erred when it refused to dismiss the writ of attachment due to plaintiff's failure to "justify sureties" as required by Utah Rule of Civil Procedure 64C(c); and (3) that the trial court erred when it found appellant to have the burden of proof to establish title to the attached property (Brief of Appellant, 1). However, we reach none of these points. For reasons that follow we find that the order denying the motion to quash is not a final decision which may be appealed under 28 U.S.C.A. § 1291. Accordingly, the appeal must be dismissed.

At the outset we note that generally such orders denying motions to quash attach-ments have been held non-appealable.[3] However, in arguing to sustain its appeal, Middle East says that the order falls within the "collateral order" doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, making it appealable. More specifically, Middle East analogizes the trial court's refusal to dismiss the writ of attachment for failure of the surety to "justify" pursuant to Utah Rule of Civil Procedure 64C(c)[4] to the situation in Cohen where the district judge in a derivative action refused to apply New Jersey's security for expenses statute. Middle East relies especially on Baxter v. United Forest Products Co., Inc., 406 F.2d 1120 (8th Cir.), cert. denied, 394 U.S. 1018, 89 S.Ct. 1635, 23 L.Ed.2d 42.

■■ "Justification" is a procedure with common law origins by which a surety must demonstrate to the satisfaction of the court that it has sufficient ability to perform its obligations. See United States v. Hardison, 135 F. 419, 421 (S.D.Ga.); Dickinson v. Smith, 139 Wis. 1, 120 N.W. 406, 407; 1 Bouvier's Law Dictionary 1802 (1st ed. 1914); see also F.R.Crim.P. 46(d); 8B Moore's Federal Practice ¶ 46.12 at 46–64; Black's Law Dictionary 1004 (4th ed. 1951). Also we note from the court's remarks at the hearing on the motion that this was the interpretation by the court as to the meaning of justification of sureties, which we accept (R. Vol. I, 85–86).[5]

3. West v. Zurhorst, 425 F.2d 919, 920–21 (2d Cir.); American Mortgage Corp. v. First National Mortgage Co., 345 F.2d 527, 528 (7th Cir.); United States v. Estate of Pierce, 498 F.2d 847, 849–50 (3d Cir.) (denial of motion to quash sequestration order was not appealable as a final order, Delaware sequestration being analogous to foreign attachment); see Cushing v. Laird, 107 U.S. 69, 76, 2 S.Ct. 196, 27 L.Ed. 391; Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A., 339 U.S. 684, 689, 70 S.Ct. 861, 94 L.Ed. 1206; W. T. Grant Co. v. Haines, 531 F.2d 671, 678 (2d Cir.); Financial Services, Inc. v. Ferrandina, 474 F.2d 743, 745 (2d Cir.).

On the other hand the grant of a motion to quash an attachment is a final and appealable decision under the collateral order doctrine, discussed below. American Oil Co. v. McMullin, 433 F.2d 1091, 1096 (10th Cir.).

4. Utah Rule of Civil Procedure 64C(c) provides:

Within 5 days after the levy of any attachment, the defendant may except to the sufficiency of the sureties, by serving and filing a notice of such exception. Within 5 days after such exception, the plaintiff's sureties, upon notice to the defendant of not less than 2 days, must justify before a judge of the court, or before a clerk thereof, and upon failure to justify, and if others in their places fail to justify, at the time and place appointed, the clerk or judge shall dismiss the writ of attachment.

5. Such a view of a resident district judge on the unsettled law of his state is persuasive and ordinarily accepted. Sade v. Northern Natural Gas Co., 483 F.2d 230, 234 (10th Cir.); Teague v. Grand River Dam Authority, 425 F.2d 130, 134 (10th Cir.).

**547**

However, it is clear that Middle East's motion was not directed to the surety's ability to meet its obligations, but solely to the amount of the security posted by the plaintiff.[6] This question of the sufficiency of the amount of the security was not reached by the district court and not discussed in its order. Without discussing the point, the court's order concluded that the showing of title to support a motion to quash was not made. On the affidavits which were deemed insufficient in this respect the motion was denied, but "with leave to renew."

In this posture it is clear that the district court made no final decision to sustain the attachment. The order instead contemplates future determination of the question of title to the silver and specifically refers to the necessity that the intervenor " . . . come forward with factual proof of a good chain of title to the property in question" and grants "leave to renew." The ruling therefore was merely tentative and the matter remains open. See *Cohen,* supra at 546, 69 S.Ct. 1221. The order thus does not finally determine a claim of right separable from the cause itself so as to be appealable under the collateral order doctrine. See *Cohen,* supra at 546–47, 69 S.Ct. 1221. We think that the ruling made on the conflicting affidavits is analogous to the denial of a motion for summary judgment, which may not be appealed. See *United States v. Browning,* 518 F.2d 714, 717 (10th Cir.); *Sabin v. Butz,* 515 F.2d 1061, 1067 n. 6 (10th Cir.); *Medical*

*Development Corp. v. Industrial Molding Corp.,* 479 F.2d 345, 349 (10th Cir.).

Nor do the constitutional claim of denial of due process or other objections add substance to the claim of appealability. The court in no way made any final determination that the attachment would be upheld, and it in no way approved any disregard of the protective features of Utah law.[7] Thus reliance on *Baxter v. United Forest Products Co., Inc.,* 406 F.2d 1120 (8th Cir.), cert. denied, 394 U.S. 1018, 89 S.Ct. 1635, 23 L.Ed.2d 42, holding appealable an order sequestering monies without compliance with state law governing attachment, is misplaced. The order carries no finality in deciding the validity of the attachment of the silver, or the various procedural questions raised.[8]

There being no final ruling to Middle East's prejudice we are persuaded that the order is not a decision which is appealable under the collateral order doctrine and, accordingly, the appeal is dismissed.

---

**6.** In setting out the grounds of the "Exception to Surety" the exception stated (R. Vol. II, 18) that Middle East:

. . . hereby excepts and objects to the sufficiency of the surety posted heretofore by the plaintiff in the sum of $10,000.00 corporate bond.

Said exception is based upon the grounds and for the reason that the seized property exceeds the sum of $229,380.00 in value, and that the property seized and attached belongs to third parties not defendants or parties in this action.

**7.** We note that the surety bond of The Travelers Indemnity Company filed in this case in the principal sum of $10,000 was the maximum

security which could be required under Utah Rule of Civil Procedure 64C(b).

**8.** We do not say that we would never be able to consider the validity of an attachment attacked on constitutional grounds, even though the underlying action was not yet final. See *Financial Services, Inc. v. Ferrandina,* supra, 474 F.2d at 746. The finality requirement of 28 U.S.C.A. § 1291 is to be given a practical rather than a technical construction. *Cohen,* supra at 546. Here, however, the order denying the instant motion was clearly tentative and the right to renew the claim remained open, so that the ruling lacked the essence of finality.